PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. COLLINS.

[No. 20,215. Filed July 1, 1904. Rehearing denied December 6, 1904.]

MASTER AND SERVANT.—*Personal Injuries.*—*Complaint.*—*Allegation of "Due Care and Diligence."*—*Employers' Liability Act.*—A complaint by a conductor against a railway company for damages for negligence of the engineer in charge of the locomotive, under the employers' liability act (subd. 4, §7083 Burns 1901), is not bad for failure to allege that plaintiff was "in the exercise of due care and diligence," since by §359a Burns 1901 (Acts 1899, p. 58) the burden of pleading and proving contributory negligence is on the defendant. *pp. 570, 571.*

SAME.—*General Averment of Negligence.*—Where a complaint charged that the engineer of defendant's locomotive "negligently ran said engine and train into, and caused them to collide with, the rear end of one of appellant's freight-trains," thereby causing the injury complained of, is sufficient as against a demurrer for want of facts, a general allegation of negligence being sufficient as against a demurrer. *p. 571.*

SAME.—*Employers' Liability Act.*—*To Whom Applies.*—Subdivision 4, §7083 Burns 1901, creates a liability in favor of the conductor of a freight-train for damages caused by the negligence of the engineer of such train. *p. 572.*

TRIAL.—*Motion to Make Specific.*—*How Made Part of Record.*—A motion to make more specific, made prior to the taking effect of the act of 1903 (Acts 1903, p. 338, §3), is not properly a part of the record unless brought in by a bill of exceptions or by order of the court. *p. 573.*

SAME.—*Instructions.*—*Contributory Negligence.*—An instruction in an action for damages for personal injuries as follows: "contributory negligence is a matter of defense, and such defense may be proved under the general denial. This being the law of this State, it was not necessary for the plaintiff to offer any evidence whatever in chief bearing upon the question of his negligence; he only being required to introduce evidence upon the proposition after some proof has been introduced by the defendant, after which it was his right to offer proof upon that propo-

sition," is erroneous where not corrected by other instructions in the cause, since it left the inference that contributory negligence must be proved by defendant's evidence alone. *pp. 573, 574.*

From Cass Circuit Court; *John S. Lairy*, Judge.

Action by Thomas Collins against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company for damages for personal injuries. From a judgment on a verdict for $11,880, the defendant appeals. *Reversed.*

*G. E. Ross*, for appellant.

*S. T. McConnell, B. C. Jenkines, A. G. Jenkines* and *C. H. Stuart*, for the appellee.

MONKS, J.—Appellee brought this action to recover damages for personal injuries received while in the service of appellant as a freight conductor, caused, as he alleged, by reason of the negligence of the engineer in charge of the engine drawing a train of which appellee was the conductor; the action being based upon the fourth subdivision of §7083 Burns 1901, being section one of what is known as the employers' liability act (Acts 1893, p. 294). Appellant's demurrer for want of facts to each paragraph of the complaint was overruled. A trial of said cause resulted in a verdict in favor of appellee, and, over a motion for a new trial, judgment was rendered against appellant.

The errors assigned and not waived call in question the action of the court in overruling the demurrer to each of the paragraphs of the complaint, the motion to make the second paragraph of the complaint more specific, and the motion for a new trial.

It is insisted by appellant that as it is not alleged in each paragraph of the complaint that appellee was, at the time of the injury complained of, "in the exercise of due care and diligence," as required by the fourth subdivision of §7083, *supra*, said paragraphs were therefore insufficient, and that the court erred in overruling appellant's demurrer thereto; that the act of February 17, 1899 (Acts 1899, p. 58, §359a Burns 1901), did not change or modify

the rule on this subject declared in *Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 498, 499, 54 L. R. A. 787, and cases cited. What this court said in *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), *ante,* 247, disposes of this objection to the complaint, for in that case it was held that such allegations were not necessary to the sufficiency of a complaint under the fourth subdivision of §7083, *supra,* since the taking effect of said act of 1899, *supra.* It is proper to say, however, that said act of 1899 did not repeal or modify that part of said fourth subdivision which provides, "the employe so injured being in the exercise of due care and diligence." It only changed the rule of pleading and proof then in force, so that thereafter such fact need not be alleged or proved by the injured employe, but the same constituted a defense, and, when shown to exist in a case by the complaint or the evidence, whether introduced by the plaintiff or the defendant, or by both, no recovery can be had. Said provision of said fourth subdivision is as much a part thereof today as it was before said act of 1899 took effect. *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra.* It has been held by the court that the expression, "the employe injured being free from contributory negligence," is the equivalent of said provision of said fourth subdivision of §7083, *supra. Indianapolis, etc., R. Co.* v. *Houlihan, supra; Pittsburgh, etc., R. Co.* v. *Lightheiser, supra.* See, also, *Pittsburgh, etc., R. Co.* v. *Montgomery* (1898), 152 Ind. 1, 7, 71 Am. St. 300; *Baltimore, etc., R. Co.* v. *Little* (1897), 149 Ind. 167, 168.

It is contended by appellant that no specific act of negligence on the part of appellant, or any person for whose conduct it is answerable under either the common law, or §7083, *supra,* is alleged in either paragraph of the complaint. It appears from the allegations in each paragraph of complaint that appellee was injured while in the service of appellant as a freight conductor, by the negligence of

appellant's locomotive engineer then in appellant's service and in charge of appellant's locomotive engine upon appellant's railway; that said engineer in charge of said locomotive engine "negligently ran said engine and train into, and caused them to collide with, the rear end of one of appellant's freight trains standing on appellant's tracks at a point between Boone and Peoria Junction." This general allegation of negligence of the engineer contained in said paragraphs of complaint was sufficient to withstand a demurrer for want of facts. The thing that the engineer is alleged to have negligently done was that he "negligently ran said locomotive engine and train into, and caused them to collide with, the rear end of appellant's freight-train standing on appellant's track," etc. It has been uniformly held in this State that a general allegation of negligence directly indicating the act or omission complained of, is sufficient to withstand a demurrer for want of facts, and that under such allegation the facts constituting the negligence may be given in evidence. *Cleveland, etc., R. Co. v. Berry* (1899), 152 Ind. 607, 610, 46 L. R. A. 33; *Louisville, etc., R. Co. v. Bates* (1897), 146 Ind. 564, 566, and cases cited; *Louisville, etc., R. Co. v. Berkey* (1893), 136 Ind. 181, 194.

Appellant insists that the statute does not create a liability in favor of a person in charge of a train for the negligence of a person in charge of the locomotive engine drawing such train. Said subdivision creates or gives a right of action in favor of any employe of a railroad company for a personal injury suffered by him while in its service, such employe being in the exercise of due care and diligence—that is, free from contributory negligence—when such injury was caused by the negligence of any person in the service of such railroad company who has charge of any locomotive engine or train upon said railway. If appellee's injury was caused by the negligence of the person in charge of the locomotive engine, as alleged

in the complaint, the mere fact that appellee was conductor of such train would not prevent a recovery, if his own negligence did not contribute to his injury. *Pittsburgh, etc., R. Co.* v. *Gipe* (1903), 160 Ind. 360, 362. See, also, Dresser, Employers' Liability, §74, p. 337, §75, p. 338; *McCord* v. *Cammell & Co.* [1896], App. Cas. 57, 65, 66; *Caron* v. *Boston, etc., R. Co.* (1895), 164 Mass. 523, 529. It is evident that the complaint is not insufficient for the reasons urged by appellant.

It is claimed by counsel for appellant that he made a motion to require appellee to make the second paragraph of complaint more definite and specific in regard to the alleged negligence of the engineer in charge of the locomotive engine. Said motion was made before the taking effect of the act of 1903 (Acts 1903, p. 338, §3), and is not, therefore, in the record, unless made a part thereof by a bill of exceptions or order of court. *Crystal Ice Co.* v. *Morris* (1903), 160 Ind. 651. Said motion and the ruling thereon were not made a part of the record by a bill of exceptions or order of court, and no question is therefore presented by the second error assigned.

The court instructed the jury upon the subject of contributory negligence as follows: "Contributory negligence is a matter of defense, and such defense may be proved under the answer of general denial. This being the law of this State, it was not necessary for the plaintff Thomas Collins to offer any evidence whatever in chief bearing upon the question of his negligence; he only being required to introduce evidence upon that proposition after some proof has been introduced by the defendant, after which it was his right to offer evidence upon that proposition." An instruction in the same language as the one above set out, except that it did not say in express terms that the evidence which was to raise the question of appellee's contributory negligence must be introduced by the defendant, but left that to inference, and for that reason was less

objectionable than the one now under consideration, was condemned, and held erroneous and sufficient cause for reversal, in *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), *ante,* 247. It is true that instructions must be considered as a whole, and if, when so considered, they state the law correctly, they afford no ground for reversal. *Musser* v. *State* (1901) 157 Ind. 423, and cases cited. If it were conceded that said instruction was objectionable only because misleading, and that said defect might be corrected by other instructions given to the jury, appellee has not called our attention to any such instructions, nor have we been able to find them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.