# PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* COLLINS.

[No. 20,795. Filed February 26, 1907. Rehearing denied May 3, 1907.]

1. **APPEAL.** — *Assignments of Errors.* — *Abstract Propositions.* — Mere abstract propositions of law, as that a statute is in derogation of certain constitutional provisions, cannot, where unconnected with any ruling of the trial court, be independently assigned as error on appeal. p. 471.

| | |
|---|---|
| 168 | 467 |
| f168 | 484 |

| | |
|---|---|
| 168 | 467 |
| 169 | 5 |
| 169 | 10 |
| 169 | 12 |
| 169 | 13 |
| 169 | 444 |
| f170 | 213 |

2. APPEAL.—*Law of the Case.*—*Judgment.*—Where a paragraph of complaint was held good on a prior appeal, such decision is the law of the case through its subsequent stages.   p. 472.

3. SAME.—*Briefs.*—*Waiver.*—Alleged errors not discussed nor supported by statement or authorities in appellant's brief, are waived.   p. 472.

4. TRIAL.—*Instructions.*—*Issues.*—*Negligence.*—An instruction, in a personal injury case, outlining the issues and stating that if the plaintiff has proved same by a preponderance of the evidence, he should recover, unless the preponderance of the evidence shows that he was guilty of contributory negligence, is not erroneous.   p. 473.

5. SAME.—*Instructions.*—*Contributory Negligence.*—An instruction, in a personal injury case, that contributory negligence is a defense and provable under the general denial, and that if such contributory negligence had been established by a preponderance of the evidence, without regard to the source of such evidence, the verdict should be for defendant, is correct. p. 473.

6. SAME. — *Instructions.* — *Railroads.* — *Orders.*—An instruction that the plaintiff, a railroad freight conductor, could not be bound by an order, without knowledge thereof, and that mere proof of the issuance of an order would not defeat his right of recovery, is not a concession of plaintiff's right of recovery, when considered with the other ordinary instructions in such a case.   p. 473.

7. SAME. — *Instructions.* — *Sudden Perils.*—*Negligence.*—An instruction as to the duties of a railroad freight conductor in the case of a sudden peril, will not be condemned on the ground that he was responsible for such peril, where the proof shows otherwise.   p. 474.

8. SAME. — *Instructions.* — *Railroad Corporation.* — *Evidence.*— *Admissions.*—An instruction that under the pleadings the existence of the defendant railroad corporation was admitted and needed no affirmative proof, is correct, where such company entered a general appearance in the case.   p. 474.

9. SAME. — *Instructions.*—*Damages.*—*Elements.*—An instruction that in estimating plaintiff's damages, in a personal injury case, the jury should consider his loss of time from business, impairment of power to earn money, pain, past and future, disfigurement, and give him such sum as will compensate him for his injuries, considering all the facts in the case, is correct. p. 475.

10. SAME.—*Instructions.*—*Limiting to Evidence in Case.*—An instruction stating the elements of damage, but not affirmatively

confining the jury to the evidence in the case in estimating same, is not erroneous, the presumption being that jurors will confine themselves to the evidence. p. 475.

11. TRIAL.—*Instructions.—Peremptory.*—A peremptory instruction for defendant, in a personal injury case, should be refused, where there is some evidence sustaining the material allegations of the complaint. p. 475.

12. SAME.—*Instructions.—Failure to Use Brakes.—Railroads.*— The refusal, in a personal injury case, to give an instruction that if the plaintiff, a railroad freight conductor, had a brake in the caboose with which he could have stopped the train, and he failed to use it, he cannot recover, is not error, where an answer to an interrogatory shows that the use of the brake would not have prevented the injury. p. 475.

13. SAME. — *Instructions. — Too Inclusive. — Refusal.*—It is not error to refuse to give an instruction, tendered by defendant, setting out the things necessary for plaintiff to prove, where it contains one thing not necessary for plaintiff to prove. p. 476.

14. APPEAL. — *Instructions. — Evidence.—Briefs.*—Where an instruction was refused, it is necessary for appellant to point out the evidence which would justify the trial court in giving same, the presumption being, in the absence of such showing, that such instruction was not applicable to the evidence in the case. p. 476.

15. TRIAL.—*Instructions.—Style of Caboose.*—Defendant has no cause for complaint because the judge refused to instruct that the style of the caboose in which plaintiff was injured in a collision did not render defendant liable, where no claim was made that the style of the caboose constituted negligence, although a description of such caboose in the evidence was necessary to explain the collision. p. 477.

16. SAME.—*Instructions.—Duplication Of.*—Where a subject is already covered by an instruction, it is proper to refuse another covering the same point. p. 477.

17. SAME.—*Instructions.—Outlining Duties of Court and Jury.*— *Discretion.*—It is discretionary with the trial court to give or refuse an instruction reminding jurors of their oath and faithfully to perform their duty. p. 478.

18. SAME. — *Instructions. — Employers' Liability Act.—Application of.—Contracts.*—It was harmless to refuse an instruction, in a personal injury case, that if the plaintiff, a railroad servant, was injured while working under a contract entered into prior to the enactment of the employers' liability act, such act could

# 470    SUPREME COURT OF INDIANA,

not apply to the case, where the interrogatories showed that his contract was made subsequently to the taking effect of such act.    p. 478.

19. EVIDENCE.—*Striking Out.—Motions.—Specific.*—A motion to strike out an improper part of an answer of a witness should include such improper part only.    p. 478.

20. NEW TRIAL.—*Misconduct of Court and Counsel.—Appeal.— Weighing Evidence.*—Where, in a motion for a new trial, the charge of misconduct of the judge and of opposing counsel is supported by affidavit and denied by counter-affidavits, such facts being within the personal knowledge of the judge, his decision on such question is final.    p. 479.

21. SAME.—*Misconduct of Jury.—How Shown.—Presumptions.*— An affidavit of counsel, in the motion for a new trial, that a juror was guilty of improper conduct, cannot be considered unless the source of his information is revealed, the presumption being that he learned same from a juror, since a juror cannot himself be heard to impeach his verdict.    p. 479.

22. MASTER AND SERVANT.—*Employers' Liability Act.—Railroads. —Engineers.*—A servant of a railroad company, even though he be the conductor of the train on which he is injured, may recover, under §7083 Burns 1901, Acts 1893, p. 294, §1, for injuries received by reason of the negligence of another servant who has charge of an engine upon such railroad.    p. 481.

23. SAME.—*Conductors.—Engineers.—Employers' Liability Act. —Contributory Negligence*—A conductor, riding in the caboose of a freight-train, who is injured by the negligence of his engineer in backing into another train, which the conductor did not discover in time to save himself from the collision is not guilty of contributory negligence, and is entitled, under §7083 Burns 1901, Acts 1893, p 294, §1, to a recovery from the company.    p. 482.

24. CONSTITUTIONAL LAW.—*Employers' Liability Act.—Railroads. —As* to railway operators, §7083 Burns 1901, Acts 1893, p. 294, §1, the employers' liability act, is constitutional.    p. 483.

From Howard Circuit Court; *J. F. Elliott,* Judge.

Action by Thomas Collins against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for plaintiff for $12,000, defendant appeals. *Affirmed.* (Appealed to United States Supreme Court.)

*George E. Ross,* for appellant.

*Overton & Barnes, Nelson, Myers & Yarlott* and *Mc-Connell, Jenkines, Jenkines & Stuart,* for appellee.

MONTGOMERY, C. J.—Appellee brought this action to recover damages for a personal injury resulting from the alleged negligence of an engineman, while both were in the employ of the appellant. The case is in this court for the second time. *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569.

It is alleged that errors were committed in overruling (1) appellant's demurrer to the first paragraph of complaint; (2) its motion for judgment on the answers of the jury to interrogatories, notwithstanding the general verdict; (3) its motion for a new trial; (4) its motion in arrest of judgment.

Four additional independent assignments of error have been made, alleging that section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901)

1. is in derogation of certain provisions of the Constitution of the United States.

The office of the assignment of errors is to present for review by the appellate court specific rulings of the trial court. A proper assignment of errors must allege that a particular decision of the trial court was erroneous, or that the complaint in a civil action does not state facts sufficient to constitute a cause of action. The statement of a mere abstract proposition will not invoke the judgment of this court, when assigned independently and not involved in a decision of the lower court brought up by the record and assigned as error. The alleged unconstitutionality of the statute, upon which this action is founded, is not presented to this court for consideration under the fifth, sixth, seventh or eighth assignments of error. *Adams* v. *Pittsburgh, etc., R. Co.* (1905), 165 Ind. 648; *Pittsburgh, etc., R. Co.* v. *Town of Wolcott* (1904), 162 Ind. 399; *Standish* v. *Bridgewater* (1902), 159 Ind. 386.

The first paragraph of complaint was expressly held to be sufficient upon the former appeal of this case, and that decision cannot be reviewed. *Currier* v. *Elliott* (1895), 141 Ind. 394; *Lillie* v. *Trentman* (1891), 130 Ind. 16, and cases cited.

The second and fourth assignments, alleging error in overruling appellant's motion for judgment in its favor, and in overruling its motion in arrest of judgment, have not been supported by statement, citation of authority, or otherwise in the brief, and must be deemed waived. *Storer* v. *Markley* (1905), 164 Ind. 535; *Major* v. *Miller* (1905), 165 Ind. 275; *O'Brien* v. *Knotts* (1905), 165 Ind. 308; *Stamets* v. *Mitchenor* (1906), 165 Ind. 672.

Appellant's motion for a new trial charged that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; that the damages assessed are excessive; that the court erred in giving, at the request of appellee, instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, and in refusing to give instructions tendered by appellant numbered 1, 3, 4, 10, 12, 15, 19, 21, 22, 24, 26, 27, 28, 29, 30 and 33, and in overruling appellant's motion to strike out the words, "I did not have time," from the answer, "No, sir; I did not have time," made by appellee in response to the question, "You did not direct your brakeman to do so?" It is further charged that the court erred in refusing to permit witness Samuel F. Johnson to answer certain questions concerning the duties of a hill conductor, and erred in connection with the admission in evidence of expectancy tables; that the court, counsel, and the jury were guilty of specific acts of misconduct.

Appellant's counsel, by failure to present the same for consideration, has waived the charge of excessive damages, and the alleged errors, in giving appellee's instructions 1, 2, 3 and 5, and in refusing to give instructions 3, 4, 12, 19

and 21 tendered by appellant, and in excluding the proffered testimony of witness Johnson.

Instruction four, given at the request of appellee, referred to the statute upon which the action was founded, stated the manner in which the issues were joined 4. and the gist of the pleadings, and advised the jury that if the plaintiff had proved by a fair preponderance of the evidence that he was injured through the negligence of defendant's engineman, Arnold, as alleged in the complaint, he would be entitled to recover, unless they further found from a like preponderance of evidence that plaintiff was guilty of contributory negligence, or that the material averments of the second paragraph of answer had been established. No substantial defect in this instruction has been pointed out, and none is apparent to us. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), *ante,* 438; *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690.

Instruction six, of which complaint is made, in substance told the jury that contributory negligence is now a matter of defense and provable under the answer 5. of general denial. This instruction was entirely appropriate, and not subject to criticism. The court, at appellant's request, further instructed the jury that if appellee's contributory negligence had been established by a preponderance of evidence, without regard to the source of such evidence, their verdict should be in favor of appellant. The jury were fully and correctly instructed upon this subject. *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516; *Town of Winamac* v. *Stout* (1905), 165 Ind. 365; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489.

Instruction seven embraced an order in relation to the duties of freight conductors, and charged the jury that appellee could not be bound by such order in the 6. absence of knowledge on his part of its substance or existence, and that mere proof that the order was

issued by appellant would not defeat appellee's right of recovery. Objection is made to the latter part of the instruction. It is a familiar rule that instructions must be considered as a whole, and not in detached parts. In this instruction the court was not attempting to state the basis of appellee's rights in the action, but the manifest point and purpose of the instruction was to advise the jury of the effect and extent of this order as constituting a matter of defense. Taken in connection with other instructions given, it cannot fairly be claimed to be an assumption that appellee had a conceded right of recovery, or that the jury was thereby misled or confused. *Board, etc.,* v. *O'Connor* (1894), 137 Ind. 622, 642, 643.

The eighth instruction, given upon the subject of sudden peril, is criticised upon similar grounds, and for the reasons just stated we find no error in giving this instruction. It is further insisted that appellee was responsible for the peril with which he was confronted, and therefore was not entitled to an instruction excusing a mistake of judgment. We cannot concur in this view of the facts, for reasons given further along in discussing the evidence. In our opinion the instruction was properly given. *Pennsylvania Co.* v. *McCaffrey* (1894), 139 Ind. 430, 435, 436; *Clarke* v. *Pennsylvania Co.* (1892), 132 Ind. 199, 200, and cases cited.

The ninth instruction charged the jury that under the pleadings the averment that at the time of the accident and of the commencement of this action appellant was a railway corporation organized under the laws of this State, was admitted, and that affirmative evidence of such fact was not required. A similar instruction has been very recently approved by this court. *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra; Cincinnati, etc., R. Co.* v. *McDougall* (1886), 108 Ind. 179; *Adams Express Co.* v. *Hill* (1873), 43 Ind. 157; *United Brotherhood of Carpenters* v. *Dinkle* (1904), 32 Ind. App. 273.

Complaint is made of instruction ten given upon the subject of estimating damages. In the enumeration of elements for the consideration of the jury, an instruction approved in the case of *Pittsburgh, etc., R. Co.* v. *Montgomery* (1898), 152 Ind. 1, 26, 69 L. R. A. 875, 71 Am. St. 300, was literally copied. In this respect the instruction was correct. *Wabash, etc., R. Co.* v. *Morgan* (1892), 132 Ind. 430; *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264.

This instruction is further criticised for the reason that it does not limit the jury to the evidence given on the trial, but permits them to use their own judgment in determining what amount of damages they will award. This objection was long ago answered by this court. In the case of *City of Indianapolis* v. *Scott* (1880), 72 Ind. 196, Worden, J., speaking to this point, said: "The court enumerated certain matters that formed the elements of damages. But no jury of reasonable intelligence could have been misled by the charge into the supposition that such matters could be considered unless shown by the evidence. As to the latter part of the charge, the jury could not suppose they were authorized to find anything except from the evidence." See, also, *Poland* v. *Miller* (1884), 95 Ind. 387, 391; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 429; *Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61, 70.

The first instruction tendered by appellant was a peremptory direction to the jury to return a verdict in its favor. This instruction was manifestly unwarranted and rightly refused.

The tenth instruction, tendered and refused, charged the jury that if the caboose in which appellee was riding was equipped with a brake, by the use of which appellee or a brakeman under his direction could have checked the speed or stopped the train, but such brake was not applied, and in consequence the col-

lision resulted, causing his injury, he could not recover. In answer to interrogatory thirty-six, the jury found that the application of the brake would not have stopped the train in time to prevent the accident. It was conceded in argument that the train was not running at an improper rate of speed, and we assume, therefore, that there was no occasion to use the hand brake until the threatened collision was discovered. It is clear from the answer of the jury referred to that appellant was not harmed by the refusal to give this instruction. *City of Muncie* v. *Hey* (1905), 164 Ind. 570; *Baltimore, etc., R. Co.* v. *Harbin* (1903), 160 Ind. 441, 443; *Barnett* v. *Feary* (1885), 101 Ind. 95, 100; *Trentman* v. *Wiley* (1882), 85 Ind. 33, 37, 38.

13. The fifteenth of appellant's instructions enumerated certain facts, each of which it was declared must be proved by a preponderance of the evidence to warrant a recovery by appellee. The first of these specific facts was the corporate existence of appellant. This fact being admitted by the pleadings, as already shown, no proof of the same was required, and this inaccuracy was a sufficient justification for the refusal to give such instruction. *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra.*

14. Instructions twenty-two and thirty, tendered by appellant, were identical in terms, and, in substance, stated that evidence had been introduced tending to show that appellee's arm had not been skilfully amputated or properly treated afterwards, and that appellant could not be held liable in this action for the misconduct of a physician. Appellee's counsel insist that there was no evidence or contention that there had been any unskilful surgery or treatment. Appellant's counsel has not pointed out or referred us to the evidence to which this instruction was applicable. In the absence of some such reference, we must presume that the instruction was irrelevant, and rightly refused.

The twenty-fourth instruction requested advised the jury that appellant's liability did not depend upon the style and character of the caboose in which appellee was riding, and that any statements relative to that subject could not be considered upon the question of appellant's negligence. The jury were fully instructed as to the actionable negligence relied upon, and it is apparent that the style and character of the caboose attached to the engine was not an element of the negligence charged against appellant. The court is required, when seasonably requested, to instruct the jury upon the law applicable to the issues. A description of the caboose was inseparable from an account of the accident, and its character might have some relation to the question of contributory negligence, and counsel would have a right to refer to the evidence upon this subject in arguing the question of appellee's freedom from fault, but we are unable to find from the record any reason to justify appellant's insistence that such instruction should have been given at its request, and accordingly hold that it was properly refused.

Appellant's instruction twenty-six was as follows: "Care is required to keep out of danger, as well as to avoid it after getting into it, and the rule that sudden peril excuses does not govern where the plaintiff, without exercising due care, goes into, or places himself in the way of, danger." In our view of the facts as shown, this instruction might have been justly refused as inapplicable; but, conceding appellant's right to have the jury instructed upon its theory of defense and view of the evidence, there was no error in refusing this instruction, since the same subject-matter was covered by instruction twenty-five, given at appellant's request. Instruction twenty-seven, tendered by appellant, relating to the use of expectancy tables as evidence, was not accurately phrased, and its subject-matter was fully covered by instruction thirty-two, in better form, given at appellant's request. The refusal to give this instruction was clearly harmless.

Instruction twenty-eight was a general statement concerning the respective duties of the court and jury. The proper purpose of instructions is to advise the jurors upon the law applicable to such issues as are presented by the pleadings, and not to remind them of the obligations of their oaths or to exhort them faithfully to perform their duties as jurors. Conceding that such an instruction as the one tendered is not improper, the giving of it must be left to the discretion of the court, and no prejudicial error can be inferred from the refusal so to charge the jury. *Paffenback* v. *Lake Shore, etc., R. Co.* (1895), 142 Ind. 246, 249.

The twenty-ninth instruction tendered advised the jury that the employers' liability act did not apply to contracts of employment which had been entered into prior to January 1, 1893, and continued afterwards. The jury specially found that appellee was not serving under a contract made prior to the passage of this statute, but was working under a contract entered into about six months before the time of receiving his injury. Without considering the accuracy of the instruction, it follows that the court's refusal to give the same was harmless. *City of Muncie* v. *Hey, supra; Baltimore, etc., R. Co.* v. *Harbin, supra.* The thirty-third instruction requested related to the absence of a turntable at Boone, and the general theory was similar to the twenty-fourth. The court properly refused to give this instruction for the reasons stated in considering the refusal to give instruction twenty-four.

It appeared that there was a hand brake in the rear end of the caboose as it was traveling at the time of the accident which was not used to stop the train. Referring to this circumstance, upon cross-examination, appellee was asked the following question: "You did not direct your brakeman to do so?" to which he answered: "No, sir; I did not have time." Appellant's counsel, indicating displeasure at the answer, made an in-

definite motion to strike out. The words "no, sir" were clearly responsive to the question and proper. If the residue was not responsive and was not proper by way of explanation, the motion should have been addressed to that part of the answer alone. The motion was at all events too indefinite, and imposed upon the court the duty of separating the good from the bad, and in another view was too broad, and included a part of the answer which was undeniably proper, and the court was compelled to overrule it. *Waymire* v. *Lank* (1889), 121 Ind. 1; *Jones* v. *State* (1889), 118 Ind. 39, 40; *Binford* v. *Young* (1888), 115 Ind. 174, 176.

20. The charge of misconduct on the part of the court and counsel was supported by affidavit, and disputed by counter-affidavits. The facts being within the personal knowledge of the court, and the issue having been heard and determined upon conflicting evidence, we do not feel warranted in disturbing the conclusion of the trial court, that no harmful misconduct occurred. *Trombley* v. *State* (1906), 167 Ind. 231; *Stamets* v. *Mitchenor* (1906), 165 Ind. 672; *Messenger* v. *State* (1899), 152 Ind. 227, 230.

21. Appellant, as one of the reasons for a new trial, charged that during the deliberations of the jury one of the jurors produced and read to the jury a newspaper account of the evidence given and of the verdict rendered upon the first trial of the cause, and thereby influenced the assessment of damages by the jury. This charge was supported by the affidavit of appellant's counsel, but the source and time of receiving such information was not stated. The sworn statement of a person, other than a juror, that the jury were guilty of misconduct in the jury room, without stating the source of his knowledge, is no better than an unverified complaint. In the absence of a showing to the contrary, the presumption is that the affiant received his knowledge from some member of the jury.

The verdict of a jury cannot be impeached directly upon the affidavit of one of its members, nor may it be indirectly impeached upon information communicated by jurors and supported by the affidavit of another. *Hutchins* v. *State* (1898), 151 Ind. 667, 676; *Stanley* v. *Sutherland* (1876), 54 Ind. 339, 356; *Treschman* v. *Treschman* (1902), 28 Ind. App. 206. It follows that the court would not have been justified in granting a new trial upon this showing of alleged misconduct on the part of the jury.

It remains for us to consider whether the verdict is sustained by evidence and authorized by law. Appellee had been in appellant's employ for many years, and at the time he was injured was employed as hill conductor, and was required, when so directed, to take an engine, caboose, and crew and assist trains up the hill between Peoria Junction and Boone in Cass county. Appellant had in use upon its road between these two points the block signal system, indicating to trainmen going east past Boone whether the track between said points was clear or was occupied by one or more trains going in the same direction. Appellee with an engine, caboose, and train crew, assisted a train up the hill about noon January 22, 1901, and was ordered to return. He gave a copy of the return order to the engineer, and at the same time called out to him "green block," which indicated a right to proceed with knowledge that a train was ahead upon the block going toward Peoria Junction.

The engineer started upon the return trip with his engine backing, and pulling the caboose in which appellee and the brakemen were riding. The engine was equipped with air and an emergency brake attachment, and while traveling at six miles per hour could be stopped within a space of from ten to fifteen feet. The caboose was a box-car, without a cupola, with a door in each end and a small glass in the upper part of the door, and with two windows in each side. Appellee was seated on the north side near the front end as they proceeded down the hill at the rate of five or

six miles per hour, and, looking through the glass in the door, he saw a train standing upon the track ahead, near a point known as Vandalia Crossing. He ran to the door and shouted five or six times to the fireman, who had his head down and did not hear him. He then ran to the other side of the car, and, standing upon the end sill of the caboose, shouted to the egineer, and upon attracting his attention pointed to the train, but before he could jump the collision occurred, by which he was thrown from the car and his arm crushed by the wheels of the engine or car, making amputation near the shoulder necessary.

It is contended by appellant that, under the rules of the company introduced in evidence, appellee as conductor had charge of the train upon which he was riding, including the engine and crew, and that his injury must be attributed to his own omission to govern the running of the train so as to avoid the accident.

It is no doubt true that for many purposes the conductor is the superior servant among the crew of a train; and has charge of the train. It is also indisputable that the engineer has actual charge of the engine and its appliances, and special duties with regard to care and watchfulness are required of him as such engineer and by reason of his position at the front of the train. This court has repeatedly held that under section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901), upon which this action is founded, a person injured while in line of duty in the service of a railroad corporation and in the exercise of due care and diligence, by the negligence of another in the service of such corporation, who at the time had charge of an engine upon its railway, has a right of action for such injury against the company. *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345; *Baltimore, etc., R. Co.* v. *Peterson* (1901), 156 Ind. 364; *Indianapolis Union R. Co.* v. *Houlihan* (1901),

157 Ind. 494; *Pittsburgh, etc., R. Co.* v. *Lightheiser, ante,* 438.

It was virtually decided upon the former appeal of this case (*Pittsburgh, etc., R. Co.* v. *Collins* [1904], 163 Ind. 569) that a liability might arise under this statute for an injury to a conductor through the negligence of an engineer in charge of the engine upon the same train. The question is now directly presented, and we hold that a liability does exist, notwithstanding a rule of the company making the conductor in some respects the superior servant. *Pittsburgh, etc., R. Co.* v. *Collins, supra;* Dresser, Employers' Liability, §74, p. 337; *Caron* v. *Boston, etc., R. Co.* (1895), 164 Mass. 523, 529, 42 N. E. 112; *Welch* v. *New York, etc., R. Co.* (1900), 176 Mass. 393, 398, 57 N. E. 668.

In our view of the law and the facts appellee was not required to exercise that particular vigilance and look out ahead in making the return trip, which is peculiarly the duty of the engineer to preserve, and cannot be held solely responsible for the operation of the train. It was admitted in oral argument that the speed of the train was not excessive, and appellee is not shown to have omitted any proper precaution required of him, until the collision was imminent. It cannot therefore be said that the sudden peril confronting him was of his own creating. Appellee, acting as he did, under a sudden impulse excited by the threatened danger attributable to the negligence of the engineer, is not to be deemed guilty of contributory negligence, even though his action might be regarded as negligent if performed under circumstances not indicating imminent peril. We are not in a position to say that he did not act with prudence on discovery of his danger, and are satisfied that he did that which, in good faith, he believed at the time to be best for the safety of himself and of the property entrusted to his care, and he

cannot be held guilty of contributory negligence. The evidence fully sustains the verdict.

The constitutional validity of the statute in question, so far as the same arises upon the evidence in this case, has been fully considered and discussed upon all the points suggested, in the recent case of *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra.* The validity of the statute as against the assaults of railway operators has been upheld and settled, and, without elaboration, we reaffirm that conclusion.

No error appearing the judgment is affirmed.