# PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* ROSS.

[No. 20,832. Filed April 5, 1907. Rehearing denied June 27, 1907.]

1. CONSTITUTIONAL LAW.—*Employers' Liability Act.—Validity.—Railroads.*—Section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901) is constitutional as to railroads. p. 5.

2. APPEAL.—*Briefs.—Points.—Motion to Make More Specific.*—On an assignment, on appeal, that the court erred in overruling appellant's motion to make the complaint more specific, appellant's "points" in the brief must show concisely in what respect the complaint was not specific. p. 7.

3. MASTER AND SERVANT.—*Employers' Liability Act.—Railroads.—Conductors.—Special Orders.*—An order by a railroad conductor to a servant to make ready to shove the cars on track number one, meaning to "adjust all couplers and couple cars standing on said track as was usual, proper and customary to be done under such order and direction," is a special order within the meaning of section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901). p. 8.

4. SAME.—*Employers' Liability Act.—Assumption of Risk.—Railroads.*—A servant in a railroad switch yard does not assume the risk of a conductor's negligence in ordering him to arrange the couplings of cars standing on the track, and afterwards, without warning to such servant, ordering an engineer to back against such cars, thereby causing injuries to such servant. p. 9.

5. PLEADING.—*Complaint.—Master and Servant.—Employers' Liability Act.—Railroads.*—A complaint showing that the plaintiff, an employe in a switch yard, was injured by reason of the negligence of defendant railroad company's engineer, states a cause of action. p. 10.

6. MASTER AND SERVANT.—*Assumption of Risk.—Contracts.—Employers' Liability Act.*—A contract by which the servant assumes all risk of negligence in working upon a railroad is void as against public policy and also as in violation of the express provision of section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901). p. 11.

7. APPEAL.—*Briefs.—Waiver.*—Alleged errors not questioned in any manner in appellant's brief are waived. p. 12.

8. TRIAL.—*Instructions.—Employers' Liability Act.—Explaining Meaning of.*—An instruction, in a personal injury case, embodying the substantial provisions of section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901), so far as they applied to such cause, is not erroneous. p. 12.

9. TRIAL.—*Instructions.—Railroads.—Corporate Existence.—Admissions.*—An instruction, in a personal injury case, that defendant railroad company by entering a general appearance admitted its corporate capacity, and that proof thereof was not required, is correct. p. 12.

10. SAME.—*Instructions.—Contributory Negligence.—General Denial.*—An instruction, in a personal injury case, that contributory negligence is a defense provable under the general denial, is not erroneous. p. 12.

11. SAME.—*Instructions.—Railroads.—Care Required.*—An instruction, in a personal injury case, that the defendant railroad company was required to exercise such care as persons of ordinary care and prudence would exercise under like circumstances, is not improper. p. 12.

12. SAME.—*Instructions.—Outlining Issues.*—An instruction, in a personal injury case, outlining the issues in the case and directing a verdict for plaintiff in case such issues are determined in his favor by a preponderance of the evidence, where contributory negligence is not proved, is not incorrect. p. 13.

13. SAME.—*Instructions.—Damages.—Elements.—Failure to Limit to Evidence.*—An instruction, in a personal injury case, defining the elements of damage, but failing to limit the jury to the evidence in estimating same, is not misleading. p. 13.

14. SAME.—*Instructions.—Peremptory.*—A peremptory instruction for defendant should be refused, where there is some evidence to support the material allegations of plaintiff's complaint. p. 13.

15. SAME.—*Instructions.—Inapplicability.*—The court should refuse an instruction not applicable to the evidence in the case. p. 13.

16. EVIDENCE.—*Expectancy Tables.*—Expectancy tables are admissible in evidence, in a personal injury case. p. 13.

17. APPEAL.—*Waiver.*—Appellant's silence, as to an alleged error, in the brief on appeal, is a waiver of such error. p. 13.

18. SAME.—*Evidence.—Sufficiency.*—Where there is no material conflict in the evidence and the substantial averments of the complaint are substantiated by the evidence of one witness, the verdict in accordance therewith is not contrary to law and is supported by the evidence. p. 13.

From Cass Circuit Court; *John S. Lairy*, Judge.

Action by William R. Ross against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for plaintiff for $5,000, defendant appeals. *Affirmed.* (Appealed to Supreme Court of United States).

*G. E. Ross,* for appellant.

*Kistler & Kistler* and *McConnell, Jenkines, Jenkines & Stuart,* for appellee.

MONTGOMERY, C. J.—This action was brought by appellee to recover damages for a personal injury received while in appellant's employ. The appeal was taken directly to this court upon the claim that a constitutional question is involved and presented by the record for decision. The action is founded upon section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901). The validity of this act, so far as it applies to railroads, was upheld in the case of *Pittsburgh, etc., R. Co.* v. *Montgomery* (1898), 152 Ind. 1, 69 L. R. A. 875, 71 Am. St. 300, and that holding has been twice reaffirmed since this appeal was filed, in response to contentions of this appellant, and the constitutionality of the law must be regarded as settled. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467.

The complaint consisted of three paragraphs. The first paragraph, as amended, was full and specific in essential allegations, and it is not deemed necessary to set out in this opinion more than the substance of the averments containing the gist of the action. Appellee, at the time of the accident, was in appellant's employ as a brakeman or yard switchman in its yards at Logansport, as one of a "crew" engaged in making up and separating trains, switching, coupling and uncoupling cars, setting and releasing brakes, and in doing such other work as the conductor of said crew might direct. George Early was conductor, and had charge of said crew, and was vested with authority from appellant to order and direct appellee and the other members of the crew in the performance of their work, and each member of the crew was bound to obey and conform to his orders. A number of cars were upon track No. 1 of the old yard, two of which were uncoupled and standing two or three

feet apart. Conductor Early directed appellee to ride a certain car, then being kicked or shoved down upon track No. 3, and then to go across to track No. 1 and make ready the cars to be shoved thereon, meaning for him to adjust all couplers and couple cars standing on said track preparatory to shoving such cars. It was necessary for appellee to adjust with his hands the couplers on the two cars standing apart, so that when shoved they would couple automatically. In obedience to such order, he went between said cars, and proceeded to adjust the couplers, using due care. It was usual, customary, and proper in such circumstances for the conductor not to disturb such cars or cause them to be moved, without notifying appellee of his intention so to do, or until he had received notice from appellee of his readiness to have the cars moved, as said conductor well knew. The conductor, Early, in disregard of his duty, and without notice from appellee of his readiness, or warning to him, carelessly and negligently signaled and ordered the engineer in charge of a locomotive to run the same, with a train of cars, on said track No. 1, and against the cars standing thereon, which said engineer did, and thereby quickly shoved said cars together and caught appellee's left hand between the couplers, and so injured the same as to necessitate amputation.

The second paragraph of complaint was like the first, except that the order of the conductor was alleged to be more specific; it being averred that he ordered appellee "to go between the cars standing apart on track No. 1 of the old yard, * * * and to adjust the couplers thereof and couple the same." The third paragraph alleged that George Early was in appellant's employ as conductor, and had charge and control of a train in its yards, and that appellee was injured through the negligence of said conductor in causing said train of cars to be run, without notice or warning to appellee, against the cars which he was engaged in coupling. Appellant's motion to make each of said para-

graphs more specific, and demurrers to each, on the ground of insufficiency of facts, were overruled. Appellee's demurrer was sustained to two affirmative paragraphs of answer, alleging that, by the terms of a written contract of employment, appellee assumed the risk of injury from the negligence of any one in appellant's employ having charge of a train upon the company's railroad or in its yards. A trial upon said three paragraphs of complaint and an answer of general denial resulted in a verdict for appellee. Motions in arrest, and for a new trial, were overruled, and judgment was rendered in accordance with the verdict.

The assignment of errors challenges the correctness of the court's decisions in overruling appellant's several motions and demurrers, and in sustaining appellee's demurrer to the second and third paragraphs of answer. Appellant sought to have each paragraph of amended complaint made more specific with respect to the allegations concerning appellee's duties, the conductor's duties and obligations to appellee, and the facts constituting the conductor's alleged carelessness and negligence.

In appellant's brief, under the head of "points and authorities," it is asserted that "the defendant is entitled to have the facts which the plaintiff relies upon as constituting the negligence causing the injury for which he asks damages stated positively and specifically in the complaint." Many cases are cited in support of this general proposition. In the case of *Pittsburgh, etc., R. Co. v. Lightheiser, supra,* this court, in speaking of general objections to instructions, said: "While a discussion or elaboration of a point is not proper in the statement of points, mere general statements, without specific and definite reasons specifically applied, present no question for decision." The rule so announced concerning objections to instructions cannot be applied in its full strictness in the present instance, since the motion to make more specific, to some extent, indicates the alleged uncertainty of the pleading. But

appellant's brief should, in every case, point specifically to the defects of which complaint is made. Appellant's counsel has not directed our attention to any omitted averment, nor shown how any paragraph of the amended complaint could reasonably have been made more specific upon the subjects indicated, how appellant's interests or rights would have been subserved by more specific allegations, or in what respect appellant · was or might have been injured by the court's rulings upon the motions to make more specific. We do not feel called upon to review the pleadings in detail, but, dealing with them in the general way adopted by appellant's counsel, hold that each paragraph of amended complaint fully meets the requirements of good pleading, and the several motions to make the same more specific were properly overruled. The first and second paragraphs of amended complaint alleged that appellant was a railroad corporation operating in this State, and that appellee, while in its service and in the exercise of due care and diligence, was injured through the specified negligence of George Early, a conductor in appellant's service, to whose order and direction appellee at the time of receiving his injury was bound to conform, and was conforming.

It is argued that a recovery can be had under the second subdivision of section one of the employers' liability act (§7083 Burns 1901, Acts 1893, p. 294) by an injured 3. employe for an injury received while conforming to some special order or direction only, and that the order or direction set out in the first paragraph of amended · complaint is not special, but general. It is averred that appellee was directed to "make ready" for the cars to be shoved on track No. 1, thereby "meaning for him to adjust all couplers and couple cars standing on said track, as was usual, proper and customary to be done under such order and direction." It is thus shown that the order had a definite meaning, requiring appellee to do a particular work in the present and the immediate future under the

supervision of the superior servant; and it is further alleged that he was executing it in the way that was usual and necessary. The conductor determined the time, place, and circumstances in which the work specially assigned should be done. Confident and unhesitating obedience on the part of subordinates is essential to the proper performance of hazardous work. If obedience is exacted, it is both politic and just that the obeying servant, while conforming to orders and in the exercise of due care, should be guaranteed indemnity for injuries suffered through the negligence of the commanding servant. The allegations of this paragraph of complaint show that, while appellee was engaged in the performance of the work which he was specially directed to do, he was injured by the negligence of the conductor, whose order he was obeying. He had not completed his task, and, so long as he was occupied with the duty so expressly assigned, the conductor was chargeable with knowledge of his situation, and was under obligation to avoid injuring his person. It is our conclusion that the order under which appellee was working, as pleaded in the first paragraph of complaint, was not general, but special, within the meaning of this act. The order declared upon in the second paragraph was still more specific, and, in our opinion, a cause of action under subdivision two of §7083, *supra,* is stated in both the first and second paragraphs of the amended complaint. *Indianapolis St. R. Co.* v. *Kane* (1907), *post,* 25; *Pittsburgh, etc., R. Co.* v. *Nicholas* (1906), 165 Ind. 679; *Republic Iron & Steel Co.* v. *Berkes* (1904), 162 Ind. 517; *Consumers Paper Co.* v. *Eyer* (1903), 160 Ind. 424; *Thacker* v. *Chicago, etc., R. Co.* (1902), 159 Ind. 82, 59 L. R. A. 792; *Louisville, etc., R. Co.* v. *Wagner* (1899), 153 Ind. 420; *Cleveland, etc., R. Co.* v. *Scott* (1902), 29 Ind. App. 519; *Terre Haute, etc., R. Co.* v. *Rittenhouse* (1902), 28 Ind. App. 633.

It is further contended that the allegations of these paragraphs of complaint do not negative an assumption of the

risk by appellee.  An employe assumes the ordinary
4.    hazards of the service in which he engages, but this
rule does not include the risk of injury from the un-
expected and unknown negligence of a superior servant
while exacting obedience to his specific orders.  Assump-
tion of risk arises out of contract, and rests upon voluntary
action; and this doctrine has no application to one con-
strained to obey the order of a superior, without reason to
anticipate negligence, but with a right to expect that care
will be exercised for his safety while conforming to such
order.  The statute casts such risks upon the master, and
requires him to respond in damages for injuries occasioned
thereby to a servant using due care for his own safety.  *In-
dianapolis St. R. Co.* v. *Kane, supra; Pittsburgh, etc., R.
Co.* v. *Nicholas, supra; American Rolling Mill Co.* v. *Hullin-
ger* (1904), 161 Ind. 673; Reno, Employers' Liability (2d
ed.), §249; Dresser, Employers' Liability, §2; 2 Labatt,
Master & Serv., §650b.

The third paragraph of amended complaint, in substance,
alleged that appellee was injured, while in the service of
appellant, in the line of duty, and in the exercise
5.    of due care and diligence, by the negligence of George
Early, who was also in appellant's service and at
the time had charge of a train upon its railway and was
acting within the scope of his duties.  A cause of action
under the first clause of the fourth subdivision of §7083,
*supra,* was stated, and appellant's demurrer to this para-
graph was correctly overruled.  *Pittsburgh, etc., R. Co.* v.
*Collins, supra; Chicago, etc., R. Co.* v. *Williams* (1907),
168 Ind. 276; *Pittsburgh, etc., R. Co.* v. *Lightheiser,
supra; Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind.
617; *Indianapolis Union R. Co.* v. *Houlihan* (1901),
157 Ind. 494, 54 L. R. A. 787; *Baltimore, etc., R. Co.* v.
*Peterson* (1901), 156 Ind. 364; *Pittsburgh, etc., R. Co.* v.
*Moore* (1899), 152 Ind. 345, 44 L. R. A. 638; *Pittsburgh,
etc., R. Co.* v. *Montgomery* (1898), 152 Ind. 1, 69 L. R. A.
875, 71 Am. St. 300.

The State, in the exercise of its sovereign power for the protection of the lives, limbs, and personal safety of a certain class of its citizens, created a liability for in-

**6.** juries caused by negligence in particular cases. §7083, *supra.* It was further provided in the act that "all contracts made by railroads or other corporations with their employes, or rules or regulations adopted by any corporation releasing or relieving it from liability to any employe having a right of action under the provisions of this act are hereby declared null and void." §7087 Burns 1901, Acts 1893, p. 294, §5. In the face of this statute and the declared policy of the State, appellant exacted from appellee, as a condition of his employment, a promise to assume the risks which were imposed upon appellant by this law, and pleaded such contract in the second and third paragraphs of answer as a defense to this action. When evil conditions become so imperative as to invoke the exercise of the police power of the State for the public safety, the objects of such action cannot be forestalled and nullified by shrewd contracts on the part of those against whom the statute was directed. The benefits of such legislation, embodying the public policy of the State, cannot be bartered away in advance by private contract. This would be true in the absence of the section declaring all such contracts null and void, and is settled beyond controversy by the provision above quoted. The second and third paragraphs of answer were clearly insufficient. *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 92 Am. St. 319; *Pittsburgh, etc., R. Co.* v. *Montgomery, supra; Tarbell* v. *Rutland R. Co.* (1901), 73 Vt. 414, 51 Atl. 6, 56 L. R. A. 658; *Brooks* v. *Cooper* (1893), 50 N. J. Eq. 761, 26 Atl. 978, 35 Am. St. 793, 21 L. R. A. 617; *Kansas, etc., R. Co.* v. *Peavey* (1883), 29 Kan. 169, 44 Am. Rep. 630; *Coley* v. *North Carolina R. Co.* (1901), 128 N. C. 534, 39 S. E. 43, 57 L. R. A. 817; *Richmond, etc., R. Co.* v. *Jones* (1890), 92 Ala. 218, 9 South. 276; 12 Am. and Eng. Ency. Law (2d ed.), 977; 4 Thomp-

son, Negligence (2d ed.), §5315; Dresser, Employers' Liability, §25.

The assignment that the court erred in overruling appellant's motion in arrest of judgment is not supported in any manner in appellant's brief, and is accordingly

7.    waived.    *May* v. *Dobbins* (1906), 166 Ind. 331; *Starkey* v. *Starkey* (1906), 166 Ind. 140; *Stamets* v. *Mitchenor* (1906), 165 Ind. 672; *Major* v. *Miller* (1905), 165 Ind. 275; *Storer* v. *Markley* (1905), 164 Ind. 535.

Appellant's motion for a new trial alleged that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, that the damages are excessive, and that the court erred in giving and refusing to give certain instructions, and in admitting in evidence expectancy tables. The instruction given by the court upon its own motion, and instructions 1, 2, 3, 4, 10, 11, 13, and 15, given at the request of appellee, are unchallenged in appellant's brief, and all objections to the same must be deemed waived.

Instruction five, as given, informed the jury that this action was founded upon the statute of 1893, *supra,* and recited the substance of the provisions of that act

8.    relevant to the cause of action pleaded.  No substantial objection is offered to this instruction, and we perceive none justifying criticism.

Instruction six is the same as the ninth instruction given in the case of *Pittsburgh, etc., R. Co.* v. *Collins, supra,*

9.    and approved by this court in that case upon the authorities there cited.

Instruction seven is the same as the sixth instruc-

10.    tion given in the case just cited, and was in every respect correct and proper.

Instruction nine defined the degree of care and prudence required of appellee under the law, and was in terms

11.    the same as an instruction approved in the case of *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra.*

Instruction ten charged the jury that the contract of em-

ployment, introduced in evidence, relating to the assumption of risks by appellee, was invalid, and did not preclude him from prosecuting this action. This instruction was in accordance with the law heretofore announced in this opinion.

Instruction thirteen was the same in substance as the fourth instruction given in the case of *Pittsburgh, etc., R. Co. v. Collins, supra,* and was approved in that case 12. upon the authority of *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra,* and cases there cited.

Instruction fourteen related to the matter of assessing damages, and has been repeatedly approved. 13. *Pittsburgh, etc., R. Co.* v. *Collins, supra,* and cases cited.

Instructions one, two, three, and four, tendered 14. by appellant, peremptorily directed a verdict in its favor, and were manifestly unwarranted.

The sixth instruction tendered was not applicable to the case presented by the pleadings and evidence, and 15. was incomplete. Its refusal was both proper and harmless at all events.

The propriety of admitting expectancy tables in evidence in cases of this character was upheld in *Pittsburgh,* 16. *etc., R. Co.* v. *Lightheiser, supra,* and *Pittsburgh, etc., R. Co.* v. *Collins, supra.*

The charge that the damages assessed are excessive 17. is waived by silence.

There was no material conflict in the evidence, and the substantial averments of the complaint were supported by the testimony of appellant's conductor, Early. The 18. claim that the verdict is not supported by sufficient evidence, and is contrary to law, is untenable. No error upon the trial is made to appear, and a new trial was rightly denied.

The judgment is affirmed.