Benson, Administrator, *v.* Christian.

Filed Nov. 17, 1891.

———◆———

No. 15,066.

BENSON, ADMINISTRATOR, *v.* CHRISTIAN.

| 129 | 535 |
| 137 | 559 |
| 138 | 686 |
| 129 | 535 |
| 141 | 318 |
| 142 | 186 |
| 129 | 535 |
| 147 | 699 |
| 129 | 535 |
| 148 | 348 |
| 152 | 7 |
| 152 | 16 |
| 152 | 695 |
| 129 | 535 |
| 155 | 107 |
| 129 | 535 |
| 160 | 383 |
| 129 | 535 |
| 161 | 233 |

JURISDICTION.—*Appellate Court.—Recovery of Money.—Public Officer.—Validity of Statute.*—Where a recovery of money only is sought, then no matter whether the action is against a public officer or an individual, or whether the action is in contract or tort, the jurisdiction is in the Appellate Court, unless the validity of a statute is involved.

SAME.—*Retention of for all Purposes.*—Where jurisdiction attaches for one purpose, it will be retained for all purposes. When a case which would otherwise go to the Appellate Court, goes to the Supreme Court, because the validity of a statute of the State is involved, the latter court will assume jurisdiction of the entire case.

OFFICE AND OFFICER.—*Illegal Fees.—Recovery of.*—The Legislature has the constitutional power to provide for the recovery of fees paid to an officer where they are exacted·by an illegal taxation made by the officer.

SAME.—*Title of Act.—General Subject.—Particular Provision.*—The one subject covered by the title of the act approved February 28th, 1883 (Elliott's Supp., section 1969) is the fees and salaries of public officers, and a particular provision in said act relating to the recovery of fees, illegally taxed, is within the one general subject designated.

SAME.—*Public Officer.—Commingling of Legal and Illegal Fees.—Right of Recovery.*—Where legal and illegal fees are so commingled by a public officer that no separation can be made, the plaintiff may recover all the fees exacted from him.

SAME.—*Recovery of Illegal Fees.—Complaint.—Sufficiency of.—Proof.*—In a

suit against a public officer for the recovery of illegal fees charged by him, the complaint is sufficient if it shows that some of the charges were made since the act of 1883 went into effect, and that they are greater than the law allows. The plaintiff in such an action need only prove the amount exacted, and nothing more need be done by way of proof to make the illegality appear. The court will take notice of, and apply the law, and if the amount is greater than the law allows, adjudge that the amount demanded and exacted is illegal.

CONSTITUTIONAL LAW.—*Title of Acts of Legislature.* The title of an act need not go into details. It is sufficient if it indicates with reasonable precision and clearness the subject it embraces. Nor is an act invalid because it includes details not mentioned in the title, provided the details are germane to the general subject designated in the title.

BILL OF EXCEPTIONS.—*Evidence Properly in Record.*—If the evidence is properly in the bill of exceptions before the judge signs it, the fact that it was taken down by a stenographer, by counsel, or by any one else, is unimportant.

From the Hamilton Circuit Court.

*R. R. Stephenson* and *W. R. Fertig,* for appellant.

*W. S. Christian, T. J. Kane* and *T. P. Davis,* for appellee.

ELLIOTT, J.—This action was brought to recover money alleged to have been illegally exacted by the appellee as costs taxable in his favor as clerk of Hamilton county. The appellee succeeded upon the evidence.

The amount in controversy is much below the limit specified in the jurisdictional clause of the act creating the Appellate Court; and, if it were not for the fact that a question as to the constitutionality of a statute is made and argued, this court would not possess jurisdiction of this appeal. The fact that an action is against an officer does not change the rule, for where a recovery of money only is sought, then no matter whether the action is against a public officer or an individual, or whether the action is in contract or tort, the jurisdiction is in the Appellate Court, unless the validity of a statute is involved. *Ex parte Sweeney,* 126 Ind. 583, and cases cited.

The element which carries the appeal to this court is the one introduced by the attack upon the validity of the

act, for where the question of the validity of a statute is fairly debatable, and does not rest on mere assertion, jurisdiction is in this court. *Ex parte Sweeney, supra.* This must be true, for if the Appellate Court could determine whether there was or was not a constitutional question involved, it would, in deciding that question, necessarily decide whether an appeal lies to the Supreme Court, and this would violate the fundamental rule that the higher court must determine its own jurisdiction; and it would also defeat the manifest purpose of the statute creating the Appellate Court. It is obvious that the court of last resort must determine the right of appeal; for if it were otherwise it would be in the power of a court of intermediate jurisdiction to prevent, by its decisions, a cause from reaching the court where the authoritative ultimate judgment must be pronounced. The authorities, however, so fully settle this question that prolonged discussion is unnecessary.

Where there is enough in the argument of counsel to fairly indicate that they sincerely believe that a constitutional question is involved, and also to supply fair reason for that belief, this court must assume jurisdiction, but there must be argument indicating such belief, and stating reasons for it, as bald assertions will go for nothing. Where there are arguments, and not mere assertions, the court must presume that counsel are sincere, and, presuming this, decide the question made by their argument in cases where the record presents it. Courts are bound to assume that counsel will not discredit their profession by insincere arguments or statements. Acting upon these presumptions and considerations, we shall decide the questions arising upon the contention that the statute providing for recovering fees illegally exacted is unconstitutional.

There is little force in the argument, tacitly rather than directly urged, that the Legislature has no constitutional power to provide for the recovery of fees paid to an officer

where they are exacted by an illegal taxation made by the officer. It is true, that the common law rule is, that money paid under a mistake of law can not be recovered, but it does not follow that there is no power in the Legislature to provide for a recovery in such cases. Common law rules may be abrogated or changed by legislative enactment, unless the abrogation or change is interdicted by the letter or the spirit of the Constitution. There is nothing in our Constitution forbidding the Legislature from so changing the common law rule as to give a right of action against a public officer who illegally taxes and collects fees. The proposition is so clear that it requires no elaboration, but it may not be out of place to refer to the well-known rule that an officer takes his office *cum onere,* and if he is not content with the burdens or restrictions imposed by the Legislature he can resign.

The title of the act here in question is this: "An act supplemental to an act entitled 'An act fixing certain fees to be taxed in the offices and the salaries of officers therein named, providing for certain employees in certain public offices and fixing their compensation, defining certain duties and liabilities of officers and persons therein named, providing for the disposition of certain moneys, making certain appropriations declaring certain violations of the provisions of this act to be a penal offence, and prescribing the punishment and repealing all conflicting laws." Elliott's Supp., section 1969. The title may not be a model, but it is sufficiently clear and comprehensive to effectively include a provision giving a right of action for fees illegally collected by county officers. The title of an act need not, as it has been often decided, go into details. It is sufficient if it indicates with reasonable precision and clearness the subject it embraces. Nor is an act invalid because it includes details not mentioned in the title, provided the details are germane to the general subject designated in the title. Where a subject is properly designated and particular provisions germane to the subject

named are embodied, the act is valid. The provisions of an act connected with the general subject and not foreign to it, or disconnected from the subject named in the title, may be properly embodied in the act although their embodiment carries the effect of the act to many particulars and details. *Hedderich* v. *State,* 101 Ind. 564; *Shoemaker* v. *Smith,* 37 Ind. 122; *Bitters* v. *Board, etc.,* 81 Ind. 125, and cases cited; *Crawfordsville, etc., Co.* v. *Fletcher,* 104 Ind. 97 (99); *Barnett* v. *Harshbarger,* 105 Ind. 410; *City of Indianapolis* v. *Huegele,* 115 Ind. 581.

The one subject covered by the title of the act before us is the fees and salaries of public officers, and a particular provision relating to the recovery of fees illegally taxed is within the one general subject designated.

It is a fundamental principle that where jurisdiction attaches for one purpose it will be retained for all purposes. *Ex parte Sweeney, supra,* and authorities cited. This principle is especially required in appellate procedure, for any other would lead to disastrous consequences. The court that investigates the case for one purpose necessarily investigates it for all in every instance where the investigation goes beyond the question of jurisdiction and reaches the merits, and it would be unwise and useless to require an examination of part of the one case by another tribunal. It would also be subversive of principle to have two distinct decisions in one case by separate courts. Upon the principles stated, and for the reasons suggested, we assume jurisdiction of the entire case.

The contention of the appellee's counsel that the evidence is not in the bill of exceptions can not prevail. The evidence, so far as the record discloses, was fully in the bill before it was signed. If the evidence is properly in the bill before the judge signs it, the fact that it was taken down by a stenographer, by counsel, or by any one else, is unimportant. As the bill contains the evidence in full it comes to us by authority and authentication of the judge. The decisions

which assert that a stenographer's report can not be made part of the bill by reference, or by the clerk, by merely copying it, are not relevant to a case like this, where the evidence affirmatively appears to have been fully set forth before the judge attached his signature. All the bill contains is in it because it was put there by the judge. It would make no difference if the record did show that the stenographer took down the evidence, for what he took down was, as the record presents the matter to us, the evidence, and was by the judge put in the bill as the evidence before signing. It is a mistake, we may add, to suppose that the judge can not accept the evidence taken down by the stenographer. No matter who takes the evidence, if it is properly embodied in the bill of exceptions by the judge before he signs the bill, it is in the record on appeal, provided, of course, the bill is signed and filed in time. Counsel are in error in assuming that the bill professes to set out the long-hand manuscript of the stenographer. It makes no profession of the kind; on the contrary, it sets forth the evidence in full, as accepted by the judge, and is preceded by the proper preface and followed by the proper conclusion and signature. There is no reference, no " here insert ;" all the evidence is professedly set forth at length. The bill on its face appears perfect and complete. If the transcript is not correct, the appellees ought to have had it corrected by *certiorari*, as they might have done upon timely application.

It is argued by appellee's counsel that the legal fees are so commingled with the illegal that there can be no action, and therefore no recovery can be had. But if the premise were true, the conclusion would not follow. It is an elementary rule that if a wrong-doer so commingles things that severance is impossible he must lose all. It would be flagrantly unjust to permit one who wrongfully blends legal and illegal fees so that no separation can be made, to reap the advantage of his own wrong. If loss must result from the wrong, the author of the wrong must bear

it. If, therefore, the appellee's counsel are right in asserting that the illegal and the legal fees are so commingled that there can be no severance, the appellant must recover all the fees exacted from him.

The appellant's counsel point out a number of items which they allege are illegal, and support their statement by argument. We have compared the items with the statute, and it appears to us that some of the charges were made since the act of 1883 went into effect, and that they are greater than the act allows. There is, therefore, a right of recovery shown to some part, at least, of the amount claimed.

The case made by the complaint is within the provisions of the statute. Elliott's Supp., section 1976.

The appellee's counsel do not meet the statement of their opponents as the rules require; they simply assert that " The evidence supports the finding of the trial court, for the reason that there is no evidence showing that the costs taxed and received by the appellee were excessive and illegal, and that such costs were not voluntarily paid by appellants." This general statement gives us no such assistance as a court is entitled to receive, and as the rules require. It may be well to add that the general assertion appears to be founded upon a misconception of the law, for it implies that counsel affirm that, in addition to showing the amount received, something more must be done by way of proof to make the illegality appear. This assumption is erroneous. If parties prove the amount exacted, the court will take notice of and apply the law, and if the amount is greater than the law allows, adjudge that the amount demanded and exacted is illegal. Courts take notice of the law and its effect; only the facts require proof.

Judgment reversed, with instructions to award a new trial.

Filed Nov. 17, 1891.