# PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* ROGERS, ADMINISTRATRIX.

[No. 20,930. Filed May 15, 1907.]

1. CONSTITUTIONAL LAW.—*Employers' Liability Act.—Railroads.*—Section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901), so far as it applies to railroads, is not in violation of the fourteenth amendment to the Constitution of the United States, or of any provision of the Constitution of this State. p. 484.

2. APPEAL. — *Jurisdiction. — Supreme and Appellate Courts. — Transfer.*—The jurisdiction of an appeal from a judgment for $2,945, in a personal injury case, even though the constitutionality of the employers' liability act is questioned, is in the Appellate Court, and the Supreme Court will so transfer it, the validity of such act being firmly settled. p. 485.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by Alvira Rogers, as administratrix of the estate of Luther Rogers, deceased, against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Transferred to the Appellate Court.* (See — Ind. App. —.)

*George E. Ross,* for appellant.

*Williams & Clawson, Todd & Rauch* and *H. N. Hipskind,* for appellee.

MONKS, J.—This was an action to recover damages for the death of appellee's decedent, caused by being struck by a passing train while he was in appellant's service. Judgment was rendered for $2,945 in favor of appellee.

It is claimed by appellant that said action is based upon clause 4, §1, of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901), and that said act is

1.  in violation of the 14th amendment of the Constitution of the United States.

In *Tullis* v. *Lake Erie, etc., R. Co.* (1899), 175 U. S. 348, 20 Sup. Ct. 136, 44 L. Ed. 192, the Supreme Court of the United States held that as applied to railroads said employers' liability act, as construed by this court in *Pittsburgh, etc., R. Co.* v. *Montgomery* (1898), 152 Ind. 1, 69 L. R. A. 875, 71 Am. St. 300, was not in violation of the 14th amendment of the Constitution of the United States.

It was held by this court in *Pittsburgh, etc., R. Co.* v. *Montgomery, supra, Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 54 L. R. A. 787, *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), *ante,* 438, *Pittsburgh, etc., R. Co.* v. *Collins* (1907), *ante,* 467, *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. —, that, as applied to railroads, said employers' liability act was not in violation of the 14th amendment of the Constitution of the United States, or of any provision of the Constitution of this State. It will be observed that this appellant was the appellant in four of said cases. See, also, *Bedford Quarries Co.* v. *Bough* (1907), *post,* 671.

In *Pittsburgh, etc., R. Co.* v. *Ross, supra,* we said: "The validity of this act, so far as it applies to railroads, was upheld in the case of *Pittsburgh, etc., R. Co.* v. *Montgomery* [1898], 152 Ind. 1, 69 L. R. A. 875, 71 Am. St. 301, and that holding has been twice reaffirmed since this ap-

peal was filed in response to the contentions of this appellant, and the constitutionality of the law must be regarded as settled."

Following the case of *Pittsburgh, etc., R. Co.* v. *Ross, supra,* we hold that the constitutionality of said law must be regarded as settled and it will not be considered in this case.

There being no constitutional question to be determined, the jurisdiction of this appeal is in the Appellate Court. This case is therefore transferred to the Appellate court.