## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* PECK.

[No. 6,331. Filed June 4, 1909.]

1. COURTS.—*Supreme.—Appellate.—Jurisdiction.*—The jurisdiction of cases in the Supreme and Appellate Courts is defined by statute, and one of such Courts cannot vest the other with jurisdiction of a case. p. 65.

2. COURTS.— *Supreme.— Jurisdiction.— Constitutional Law.*—The Supreme Court has always been vested with the power of determining the constitutional validity of state and federal statutes. p. 65.

3. APPEAL.—*Constitutional Question.—When Involved.*—Where the record presents, and the counsel argue, a constitutional question, and its determination is essential to a decision, the jurisdiction of the appeal is exclusively in the Supreme Court. p. 67.

4. APPEAL.—*Constitutional Question.—Jurisdiction.—Partial Decisions.*—Where a constitutional question is involved the Supreme Court has the exclusive jurisdiction to decide the whole case. pp. 68, 71.

5. APPEAL.—*Transfers.—Reasons.*—The Supreme Court may transfer a case from the Appellate Court only where the opinion of such court contravenes a ruling precedent of the Supreme Court, or where a new question was erroneously decided (§1394 Burns 1908, Acts 1901, p. 565, §10). p. 69.

6. APPEAL.—*Transfers.—Finality.*—Transfers from the Supreme to the Appellate Court, or from the Appellate to the Supreme Court, are ordinarily final. p. 70.

7. COURTS.—*Jurisdiction.*—Courts have the right to decide whether they have jurisdiction of the cases presented to them. p. 70.

8. APPEAL.— *Constitutional Questions.— Transfer to Appellate Court.—Presumptions.*—Where an appeal is taken to the Supreme Court, and is by such Court transferred to the Appellate Court, it will be assumed that no constitutional question is duly presented for decision. p. 70.

9. APPEAL.— *Constitutional Question.— Jurisdiction.— Transfer.*—Where an appeal is taken to the Appellate Court in which a constitutional question is argued, and the record properly presents the question, a transfer of such appeal by the Appellate to the Supreme Court is final, though the Supreme Court shall be of opinion that such question has been settled beyond the possibility of further consideration by such Court. p. 71.

10. APPEAL.— *Jurisdiction.— Judgment.*— The decision of a court which has no jurisdiction, is void. p. 72.

11. APPEAL.—*Erroneous Ruling Precedent.—Transfer.*—Where the Appellate Court deems a ruling precedent as erroneous, it is its duty to transfer the pending case to the Supreme Court with its recommendations. p. 72.

From Cass Circuit Court; *Joseph M. Rabb*, Special Judge.

Action by Charles M. Peck against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment on a verdict for plaintiff for $4,000, defendant appeals. Transferred to Supreme Court (see 43 Ind. App. 316). Transferred to Appellate Court (see 172 Ind. 19). *Retransferred to Supreme Court.* (Retransferred to Appellate Court [see 172 Ind. 562]. Retransferred to the Supreme Court [see 45 Ind. App. —]. Dismissed on motion of appellee.)

*George E. Ross*, for appellant.
*Kistler & Kistler*, for appellee.

PER CURIAM.—This cause was tried by a jury upon the issues presented by the fourth and fifth paragraphs of the complaint, answered by a general denial. From a judgment in favor of appellee, appellant appealed to this court, assigning as errors the action of the court in overruling its demurrers to the fourth and fifth paragraphs of the complaint, and in overruling its motion for a new trial.

This is the second appeal from a judgment in favor of appellee. *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537. On the former appeal the Supreme Court held the paragraphs of complaint upon which the cause was tried insufficient for want of facts to state a cause of action. On that appeal no constitutional question was decided. Upon the return of the cause to the trial court the issues were reformed, and the cause was retried, with the result heretofore stated. The record and briefs of counsel, to the present appeal, were before this court, and on February 19, 1909, this court, in effect, held that this action was founded on section

one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908), and the constitutionality of that section being certainly questioned, and such question being duly presented, this case, under §1337i Burns 1901, Acts 1901, p, 565, §9, was appealable directly to the Supreme Court, and the cause was therefore transferred to that court for decision as directed by §1429 Burns 1908, Acts 1893, p. 29, §3. *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 43 Ind. App. 316.

On March 9, 1909, the Supreme Court rendered an opinion, and ordered the cause transferred to this court. *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 172 Ind. 19. That opinion is as follows: "The constitutional validity of section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908) has been firmly settled by the Supreme Court of this State and also by the Supreme Court of the United States. The assertion of appellant's counsel that this section is unconstitutional will not serve to lodge the jurisdiction over this appeal in the Supreme Court, which, otherwise, would be in the Appellate Court. It is therefore ordered that this cause be transferred to the Appellate Court. See *Pittsburgh, etc., R. Co.* v. *Rogers* (1907), 168 Ind. 483."

Upon an examination of the record and briefs of the parties to this appeal, it will be seen that appellee's cause of action was based upon the alleged negligence of one of appellant's engineers in charge of one of its locomotive engines, engaged in moving a cut of cars. The alleged negligence consisted in the failure of said engineer to obey a signal given by the appellee to stop the cars, in backing the cars without having first received a signal so to do, in neglecting to obey a signal which he saw, in violating the rules of the company, and in violating the custom long established. Appellee contends, and this contention seems to be borne out by the pleadings, that this action was predicated upon the fourth subdivision of section one of the employers' liability act (§8017, *supra*). Under the assignment of error questioning the sufficiency of each paragraph of the complaint for want of facts,

the point is made that §8017, *supra,* ''is unconstitutional and void, because it is in conflict with the 14th amendment to the Constitution of the United States, in that it denies to appellant the equal protection of the law.''

In view of the action of the Supreme Court and this court, on the subject of jurisdiction of this appeal, the first question which naturally arises relates to the jurisdiction 1. of this court further to consider the questions involved in this appeal. It will not be denied that the authority of the Supreme Court and the Appellate Court to consider cases on appeal is regulated and defined by statute, and, unless a case reaches either court in the manner provided by law, such court will not acquire jurisdiction of the cause. It is also true that neither the Supreme Court nor the Appellate Court has any power to confer jurisdiction upon the other for any purpose. The power to regulate the jurisdiction of the several courts of this State is by our Constitution (Article 7) vested in the legislature.

The Appellate Court was created by an act of the legislature (Acts 1891, p. 39), and its jurisdiction was by that act defined. All other appellate jurisdiction remained in 2. the Supreme Court. Section one of said act expressly reserved to the Supreme Court jurisdiction where ''the validity of a statute of this State, or the United States is involved.''

This court has not, at any time since its creation, had jurisdiction to decide questions involving the constitutionality of any statute, federal or state. Such jurisdiction upon appeal is now, as it has been heretofore, in the Supreme Court alone. In the act of 1891, *supra,* creating the Appellate Court, and purporting to define its jurisdiction, it was provided by section twenty-five that ''in any case wherein an appeal has been taken from a lower court to the Appellate Court, and the same should have been taken to the Supreme Court, it shall be the duty of the Appellate Court, on its own

motion, to cause such case to be transferred to the Supreme Court; and in any cause where an appeal has been taken to the Supreme Court when it should have been to the Appellate Court, it shall be the duty of the Supreme Court, of its own motion, to cause such case to be transferred to the Appellate Court; and the action of each of said courts in making such transfers shall be final.''

The legislature in 1893 (Acts 1893, p. 29, §3, §1429 Burns 1908), enlarged the jurisdiction of the Appellate Court and amended said section twenty-five, and the portion just quoted was, in substance, repeated by the following language: ''In any case wherein an appeal has been taken from a lower court to the Appellate Court, and the same should have been taken to the Supreme Court, it shall be the duty of the Appellate Court on its own motion to cause such case to be transferred to the Supreme Court, and in any cause where an appeal has been taken to the Supreme Court when it should have been to the Appellate Court, it shall be the duty of the Supreme Court, of its own motion, to cause such case to be transferred to the Appellate Court, and the action of such court in making such transfer shall be final.''

In 1901 (Acts 1901, p. 565, §1337i Burns 1901), the legislature again defined the jurisdiction of the Appellate Court, and, referring to that part of the act now especially applicable, section nine provides that ''no appealable case shall hereafter be taken directly to the Supreme Court unless it be within one of the following classes: First. Cases in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or rights guaranteed by the state [or] federal Constitution.''

It is said in a number of decisions that a constitutional question will not be passed upon by the Supreme Court when it can ''rest its decision upon other grounds'' (*White* v. *Sun*

*Publishing Co.* [1905], 164 Ind. 426), or unless neces-
3.  sary to a determination of the merits of the case (*Cummings* v. *Stark* [1894], 138 Ind. 94; *Dowell* v. *Talbott Pav. Co.* [1894], 138 Ind. 675). The Supreme Court, for its guidance, has settled upon certain rules for determining when a constitutional question is involved. In substance, the rule is that the constitutionality of a statute will be considered in question, and such question duly presented, when, from the argument of counsel, the court is of the opinion that the question is pertinent to the record, and counsel sincerely believe that the statute in question is unconstitutional and material to the determination of the cause. Then the court will feel in duty bound to pass upon the question. The Supreme Court has ruled that an attack upon the validity of a statute carries the appeal to that court, and that this court is without jurisdiction even to determine whether a constitutional question is involved. *Dowell* v. *Talbott Pav. Co.,* supra; *Benson* v. *Christian* (1891), 129 Ind. 535.

When the case under consideration was briefed in this court, three cases appealed by this appellant were pending in the Supreme Court: *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467; *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. 3. In each of these cases the same constitutional question was presented in about the same form and language as in this case. In each of the cases referred to the question thus presented has been considered and decided by the Supreme Court adversely to appellant. As evidence of the good faith of counsel in pressing the question, it appears that he endeavored to present the same question to the Supreme Court of the United States by an appeal of all said cases to that court. In January, 1909, the Supreme Court of the United States dismissed all of these cases upon jurisdictional grounds. See *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1909), 212 U. S. 560, 53 L. Ed. 652, 29 Sup. Ct. 688; *Pittsburgh, etc., R. Co.,*

v. *Collins* (1909), 212 U. S. 560, 53 L. Ed. 652, 29 Sup. Ct. 688; *Pittsburgh, etc., R. Co.* v. *Ross* (1909), 212 U. S. 560, 53 L. Ed. 652, 29 Sup. Ct. 688.

It is apparent that the rules heretofore referred to for determining when a constitutional question is duly presented call for the exercise of judicial discretion, and it is not surprising that different courts should draw different conclusions from the arguments of counsel presenting such questions. That such a condition may arise is conclusively affirmed by the action of the Supreme Court and this court regarding the present appeal. This court, after considering the argument of appellant's counsel, deemed it sufficient to call for some expression by the court regarding the validity of the statute, but it seems that the same argument made an entirely different impression on the Supreme Court. Fairness to litigants and the orderly and natural disposition of such questions, though they be considered as preliminary, demand that they be submitted to a judicial tribunal having the power and jurisdiction to decide the ultimate question, and having jurisdiction to decide one question it takes jurisdiction to decide all questions. *Benson* v. *Christian, supra.* However well the question may be presented, and however thoroughly convinced this court may be that the question is firmly settled, yet so to decide would, in effect, be passing upon a question the legislature has expressly said it shall not pass upon. Having seen how jealously the Supreme Court and the legislature have preserved appellate jurisdiction over constitutional questions in the Supreme Court, the reason for so doing is apparent, when we stop to consider what might be the result if this court passed unnoticed the arguments of counsel presenting a constitutional question, or, on the theory that the question has been settled, to say that no such question is presented. In either case the effect of such action would be to cut off the right of the parties to have an important question considered by the court of last resort in this State, and the ruling of that court reviewed by the Supreme

Court of the United States. This conclusion cannot be avoided if the mandate of the legislature and the ruling precedents of the Supreme Court are to have any controlling influence. For, if upon the face of the opinion as handed down by this court, in a case where it has jurisdiction, no ruling is thereby made which "contravenes a ruling precedent of the Supreme Court, or that a new question of law is directly involved and was decided erroneously," there is no legal ground for transfer of the cause to the Supreme Court, and by statute such decision is declared to be final. §1394 Burns 1908, Acts 1901, p. 565, §10; *American Quarries Co.* v. *Lay* (1906), 166 Ind. 234; *City of Huntington* v. *Lusch* (1904), 163 Ind. 266. In the case last cited it is said: "The rule is settled that in an application to transfer a cause decided by the Appellate Court to the Supreme Court under the provisions of the above statute [1337j Burns 1901] we are not authorized to examine the record in order to decide whether the reasons assigned for the transfer are sustained, but we look to and examine only the opinion of the court in the determination of that question. *Craig* v. *Bennett* [1901], 158 Ind. 9; *Barnett* v. *Bryce Furnace Co.* [1901], 157 Ind. 572. We are confined alone to the opinion of the Appellate Court in such cases, and must accept the statements therein relative to the record and facts in the particular cases as correct."

The act of 1901 (Acts 1901, p. 565, §20, §1404 Burns 1908) contains a provision that "this act shall be held and construed to be supplemental to the parts of said act [referring to the act of 1891, *supra*] and the amendments thereto which are not by this act repealed."

Again, a reference to said section twenty-five, as amended in 1893 (Acts 1893, p. 29, §3, §1429 Burns 1908), which is still the law (*Wagner* v. *Carskadon* [1902], 28 Ind. App. 573), in connection with the elementary principle that neither the Supreme Court nor this court has any authority to transfer a cause to the other court, except

as provided by statute, renders the question under considera-
tion one not difficult to decide.

Various provisions for the transfer of cases from one court
to the other are made by statute, but no statute will be found
authorizing a retransfer of a cause which has been
6.  transferred from one court to the other, unless it be
the provision of §1405 Burns 1908, Acts 1901, p. 590,
for transfers because of a disparity between the number of
cases pending in the two courts, and the responsibility in that
regard is with the Supreme Court.  It seems to us that the
retransfer of a cause, except under the disparity statute, al-
though it may be erroneously transferred from one court to
the other, is expressly forbidden by §1429, *supra.*  The
transfer which the Supreme Court is by that section author-
ized to make, and which by the statute is made final, is only
in a cause where an appeal has been taken to the Supreme
Court when it should have been taken to the Appellate Court;
and the action of the Supreme Court in making such trans-
fer is made no less and no more final than is the action of
the Appellate Court in making a transfer in any case wherein
an appeal has been taken from a lower court to that court,
when it should have been taken to the Supreme Court.

Every court necessarily has jurisdiction in every case be-
fore it, to decide whether it has authority to hear and deter-
mine the cause.    Its determination upon such question
7.  is a judicial act within its power, whether its decision
be correct or erroneous.    The legislature, concluding
that irreconcilable disagreements of opinion upon the ques-
tion of jurisdiction in particular cases might reasonably be
anticipated, provided, in the distribution of appellate juris-
diction, against such contingency, by making the transfer of
any cause from one court, upon its own motion, to the other
court a final transfer.    When a cause appealed to the Su-
preme Court has been by it transferred to this court,
8.  it has been assumed, whether so stated or not, that the
Supreme Court in thus deciding upon the question of

its own jurisdiction has held that no constitutional question was involved in the case. *Wagner* v. *Carskadon, supra; Griffee* v. *Town of Summitville* (1894), 10 Ind. App. 332; *Pittsburgh, etc., R. Co.* v. *Rogers, supra.* In such a case this court will abstain from the expression of an opinion upon such constitutional question. And, finding itself by statute forbidden to decide constitutional questions, and by the ruling in *Benson* v. *Christian, supra,* without authority to decide "whether there was or was not a constitutional question involved," precludes this court from expressing any opinion in cases where an "attack upon the validity of the act," or the constitutionality of a statute, is "introduced." When thus confronted, the only course open to this court for the disposition of such cases on its docket is to transfer them to the Supreme Court, as was done in this case.

It will hardly be said by any one, after reading the brief filed in this case by counsel for appellant, that no attempt was made to question the constitutional validity of the statute upon which this action is founded, or that said counsel supposed the question was not presented accurately. If we are in error in thus assuming, or if we erred in transferring the case, such error is provided against by the statute, which gives the Supreme Court jurisdiction to decide the cause, though in the estimation of the judges composing that court the appeal was properly taken in the first instance to the Appellate Court.

In the opinion by which this court transferred this cause to the Supreme Court, it is said: "Other points are presented, but, in our opinion, they are not well taken."

4. This expression was perhaps unnecessary, inasmuch as the transfer took the appeal in all respects to the Supreme Court, and no statutory provision is made for this court to decide any question in a case wherein it has not jurisdiction to decide all questions presented. As said in *Benson* v. *Christian, supra:* "The court that investigates the case for one purpose necessarily investigates it for all in

every instance where the investigation goes beyond the question of jurisdiction and reaches the merits, and it would be unwise and useless to require an examination of part of the one case by another tribunal. It would also be subversive of principle to have two distinct decisions in one case by separate courts."

While the reason for the transfer may be regarded as insufficient, the Supreme Court might have retained the case, and, treating the constitutional question as not being duly presented, might have decided the case as one within its jurisdiction. This, in our view of the statute, it was required to do.

We are convinced that, when this court, by its order, transferred this cause to the Supreme Court, it lost jurisdiction of the cause, and the order of the Supreme Court transferring the cause back to this court did not revest it with jurisdiction. If this be true, any decision this court might render upon the merits of this appeal would be void. While the wording of the statute under which this cause was transferred to the Supreme Court is to us perfectly clear and certain, yet, if, by any possible construction, a meaning other than that we have attributed to it can be given whereby said order of retransfer revested the Appellate Court with jurisdiction of this cause, it ought not to be stricken from the docket of this court, and for that reason we shall presume validity for said retransfer, and proceed under said section twenty-five, which provides "that in any case pending in the Appellate Court, in which said Appellate Court shall conclude that any decision of the Supreme Court should be overruled or modified, it shall be their duty to transfer said cause, with their opinion of what the law should be held to be, to the Supreme Court, and the Supreme Court shall thereupon have jurisdiction of and decide the entire case, the same as if it had original jurisdiction thereof, and it may either modify, overrule or affirm its

former decision, on that question as it shall deem right, and such decision of the Supreme Court shall be final.''

Being of the opinion that the Supreme Court erred in deciding in this case that it has authority to retransfer a cause which has been transferred to it by the Appellate Court upon the expressed ground that the Appellate Court had not jurisdiction to decide the cause, and that said decision should be overruled, we direct that the cause, with this opinion, be transferred by the Clerk of the Supreme Court for final settlement of the proper application of the statute.