PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. PECK.

[No. 21,407. Filed July 1, 1909.]

1. APPEAL.— *Estoppel.— Constitutional Question.—Appellate Court. —Jurisdiction.—*Where the validity of a statute has been determined several times and appellant's attorney has again raised such question, but filed his appeal, which involved a judgment for $4,000, in the Appellate Court, his conduct warrants the inference that he regards such question as settled in favor of the validity of such statute. p. 566.

2. APPEAL.—*Constitutional Question.—Jurisdiction.—*The jurisdiction of an appeal involving a judgment for $4,000 is in the Appellate Court, though a constitutional question is duly raised, where such question has been decided adversely to appellant several times. Montgomery, J., dissenting. pp. 568, 577.

3. APPEAL.—*Transfer.—Res Judicata.—Jurisdiction.—*An order of the Supreme Court transferring a case to the Appellate Court becomes the law of the case, as to the jurisdiction of the Appellate Court, in all subsequent stages of the case. p. 568.

4. STATUTES.— *Construction.— Appeal.— Supreme and Appellate Courts.—Transfers.—*Section three of the act of 1893 (Acts 1893, p. 29, §1429 Burns 1908), providing that "in any case wherein an appeal has been taken from a lower court to the Appellate Court, and the same should have been taken to the Supreme Court, it shall be the duty of the Appellate Court on its own motion to cause such case to be transferred to the Supreme Court, and in any cause where an appeal has been taken to the Supreme Court when it should have been to the Appellate Court, it shall be the duty of the Supreme Court of its own motion, to cause such case to be transferred to the Appellate Court, and the action of such court in making such transfer shall be final," means

that the action of the Supreme Court shall be "final," the words "such court" referring only to the Supreme Court. p. 569.

5. STATUTES.—*Repeal.*—*Appeal.*—*Supreme and Appellate Courts.*— *Transfers.*—Section 1429 Burns 1908, Acts 1893, p. 29, §3, providing that where an appeal is erroneously taken to the Appellate or Supreme Court such court shall transfer it to the other and that "such transfer shall be final," was repealed, so far as inconsistent therewith, by §1337m Burns 1901, Acts 1901, p. 565, §13, providing that "if any case is erroneously appealed to the wrong court, that court shall make an order for its transfer to the proper court; and the appeal shall stand as if originally filed in the right court." p. 571.

6. APPEAL.—*To Wrong Court.*—*Transfers.*—A case in which a constitutional question is raised may be transferred by the Appellate to the Supreme Court, although such question has been settled by the Supreme Court, but it may then be transferred by the Supreme to the Appellate Court. p. 572.

7. APPEAL.— *Transfer.*— *Constitutional Question.*— *Retransfer.*—A case involving no constitutional or other question enumerated in §1392 Burns 1908, cl. 1, Acts 1907, p. 237, §1, erroneously appealed to the Supreme Court may be transferred to the Appellate Court, and if one of such questions should be raised before the Appellate Court, that Court could retransfer the case, whereupon the Supreme Court might decide the entire case, or decide that question and remand the case to the Appellate Court for a decision on the remainder. p. 573.

8. APPEAL.—*Transfer.*—*Erroneous Precedent.*—*Supreme and Appellate Courts.*—*Statutes.*—*Repeal.*—Section 1429 Burns 1908, Acts 1893, p. 29, §3, providing that if the Appellate Court should conclude that any decision of the Supreme Court should be overruled or modified, it shall transfer the cause to the Supreme Court with a recommendation to overrule or to modify such decision, and the Supreme Court shall thereupon "decide the entire case," is inconsistent with, and so far as there is a conflict, was repealed by, §1394 Burns 1908, cl. 1, Acts 1901, p. 565, §10, providing that in case two or more judges of the Appellate Court are of the opinion that a ruling precedent of the Supreme Court is erroneous, the cause shall be transferred to the Supreme Court. p. 574.

9. APPEAL.—*Transfers.*—*Erroneous Precedent.*—*Supreme and Appellate Courts.*—A case appealed to the Appellate Court and transferred to the Supreme Court because of a constitutional question, but transferred by the Supreme Court on the ground that such question has been settled, cannot be retransferred to the Supreme Court under §1394 Burns 1908, cl. 1, Acts 1901, p. 565, §10, providing that where two or more judges of the Appel-

late Court deem a ruling precedent erroneous, they shall transfer the cause to the Supreme Court, with their written reasons therefor.   p. 576.

10.   APPEAL.—*Transfers.—Setting Aside.*—An order of transfer from the Supreme to the Appellate Court controls and can be set aside only by the Supreme Court upon a motion by the aggrieved party.   p. 576.

11.   APPEAL.— *Transfers.— Jurisdiction.— Supreme and Appellate Courts.*—Where a case appealed to the Appellate Court is transferred to the Supreme Court because of a constitutional question, and transferred by the Supreme Court to the Appellate Court because such question had theretofore been settled, the Appellate Court has jurisdiction thereof, the Supreme Court having construed the law so as to invest such court with jurisdiction.   p. 576.

12.   COURTS.—*Supreme.—Number.*—There is, and can be, but one Supreme Court.   p. 577.

13.   COURTS.—*Supreme.—Powers.*—The Supreme Court is the highest Court in the State, and it has the right and power to decide not only its own, but the jurisdiction of all other courts, and all other courts and all of the people must yield obedience thereto.   p. 577.

From Cass Circuit Court; *Joseph M. Rabb,* Special Judge.

Action by Charles M. Peck against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company.   From a judgment on a verdict for $4,000, defendant appeals.   (Transferred from the Appellate Court—43 Ind. App. 316.   Transferred back to the Appellate Court—172 Ind. 19.   Retransferred to the Supreme Court—44 Ind. App. 62.)   *Retransferred to the Appellate Court.*   (Retransferred to the Supreme Court — 45 Ind. App. —.   Dismissed on motion of appellee.)

*G. E. Ross,* for appellant.

*Kistler & Kistler,* for appellee.

PER CURIAM.—This action was prosecuted by appellee in the Cass Circuit Court to recover for personal injuries sustained on account of the negligence of appellant railway company.   From a judgment awarding appellee the sum of $4,000, appellant, through its counsel, prayed and took an appeal to the Appellate Court, and the cause was docketed as an appeal pending in such court.   Under the assign-

ment of errors, that each paragraph of the complaint was insufficient in facts, appellant's counsel sought to raise the question that section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908), upon which section it is claimed the action is founded, is unconstitutional, for the alleged reason that it violates the 14th amendment of the Constitution of the United States, because it denies to appellant the equal protection of the law. Thereupon appellant, through its same counsel who had appealed to the Appellate Court, moved that the latter court transfer the appeal to the Supreme Court, for the reason that the Appellate Court had no jurisdiction to decide the constitutional validity of §8017, *supra*. This motion the Appellate Court sustained, and transferred this appeal to the Supreme Court, and it was thereupon docketed by the clerk as a cause pending therein. On March 1, 1909, appellee moved that the Supreme Court remand and transfer this cause to the Appellate Court, on the ground that it had been decided by the Supreme Court in *Pittsburgh, etc., R. Co. v. Rogers* (1907), 168 Ind. 483, that the constitutional validity of §8017, *supra,* had been settled, and that the jurisdiction over the appeal was therefore lodged in the Appellate Court, as the judgment below was for $4,000. On March 9, after having fully considered the question of jurisdiction over this appeal, the Supreme Court, on the authority of *Pittsburgh, etc., R. Co. v. Rogers, supra,* again reaffirmed that case, and held that the constitutional validity of the employers' liability act, as sought to be presented in the case at bar, had been fully determined and finally settled, and therefore the jurisdiction over the appeal was not in the Supreme Court, but was, under the law, lodged in the Appellate Court, and thereupon ordered and adjudged that this appeal be transferred to the latter court. See *Pittsburgh, etc., R. Co. v. Peck* (1909), *ante,* 19.

In the case of *Pittsburgh, etc., R. Co. v. Rogers, supra,* it appears that in five cases therein cited the employers' lia-

bility act has been upheld as not being antagonistic either to the Constitution of Indiana or to the 14th amendment of the Constitution of the United States. It was further shown in the case last cited that appellant herein was also the appellant in each of the four appeals therein cited, in which it unsuccessfully assailed the constitutional validity of the employers' liability act. In *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. 3, which is cited in *Pittsburgh, etc., R. Co.* v. *Rogers, supra,* the Supreme Court said: "The appeal was taken directly to this court upon the claim that a constitutional question is involved and presented by the record for decision. The action is founded upon section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901). The validity of this act, so far as it applies to railroads, was upheld in the case of *Pittsburgh, etc., R. Co.* v. *Montgomery* [1898], 152 Ind. 1, 69 L. R. A. 875, 71 Am. St. 300, and that holding has been twice reaffirmed since this appeal was filed, in response to contentions of this appellant, and the constitutional validity of the law must be regarded as settled. *Pittsburgh, etc., R. Co.* v. *Lightheiser* [1907], 168 Ind. 438; *Pittsburgh, etc., R. Co.* v. *Collins* [1907], 168 Ind. 467."

In view of the decisions of this court, as well as the decisions of the Supreme Court of the United States, certainly we were justified in the case of *Pittsburgh, etc., R.*

1.  *Co.* v. *Rogers, supra,* in affirming and holding, as we did, that the constitutionality of the act in question "must be regarded as settled," and would not be further considered in that case, and, there being no constitutional question to be determined, the jurisdiction in that appeal was in the Appellate Court, and a transfer to the latter court was accordingly ordered. In fact, it may be said that the constitutional questions asserted to be involved in this case appear to have been recognized as settled by appellant's counsel, by his taking this appeal to the Appellate Court. Otherwise he would have prosecuted an appeal in the first instance to the Supreme Court.

Upon the transfer to the Appellate Court of the appeal of *Pittsburgh, etc., R. Co. v. Rogers, supra,* that court considered and decided the cause upon its merits. In the course of the opinion the court, speaking through Rabb, J., said: ''Appellant presents an argument against the constitutionality of the employers' liability act, involved in this case. This court has no jurisdiction to pass upon the question so discussed. The constitutionality of the law has been upheld by the Supreme Court in the cases of *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 256, and *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, and, this case having been transferred from the Supreme Court to this Court, it is conclusively presumed that the question discussed is not involved in this case.'' *Pittsburgh, etc., R. Co.* v. *Rogers* (1910), 45 Ind. App. —.

In *Griffee* v. *Town of Summitville* (1894), 10 Ind. App. 332, and *Wagner* v. *Carskadon* (1902), 28 Ind. App. 573, the Appellate Court held that the transfer of a cause by order of the Supreme Court necessarily determined the question of jurisdiction. In *Van Camp, etc., Iron Co.* v. *O'Brien* (1902), 28 Ind. App. 152, the appellant insisted that the act of 1899, which placed the burden of proving contributory negligence, in a personal injury case, upon the defendant, was unconstitutional. The Appellate Court, in that case, in an opinion by Comstock, J., in referring to the constitutional question there raised, said: ''Counsel asks that for this reason [the invalidity of the act] the cause be transferred to the Supreme Court. Counsel for appellant has presented a learned and lengthy argument, citing many decisions in support of this position. But the case of *Southern Ind. R. Co.* v. *Peyton* [1902], 157 Ind. 690, decided by the Supreme Court since appellant's brief was written, holding the act constitutional as against the objections here urged, renders the transfer of the case to the Supreme Court unnecessary.'' In addition to these cases, the records in the office of the Clerk of the Supreme and Appellate Courts dis-

close six or seven other cases, each of which was originally appealed to the Appellate Court, and by it transferred to the Supreme Court, and by the latter court retransferred to the Appellate Court and therein decided. The decisions of the Appellate Court, to which we have referred, certainly serve to show that the latter has uniformly, in the past, regarded and held that an order of the Supreme Court transferring an appeal to the Appellate Court, was, in effect, final and conclusive upon the latter court, at least until such order was set aside by the Supreme Court.

Certainly the constitutional validity of a statute, which, over substantially the same objections, has been affirmed and reaffirmed by the Supreme Court of this State, 2. and well affirmed by the Supreme Court of the United States, should be regarded as put at rest; and the validity of such statute should no longer be regarded as a debatable question, or one material to the decision of a case wherein it is involved. A party to an appeal will not be permitted to masquerade under a constitutional question which has been well settled, and is no longer a fairly debatable proposition, in order to bring a case to the Supreme Court which, aside from such question, properly belongs in the Appellate Court. Notwithstanding, however, the decisions of the Supreme Court, as well as those of the Appellate Court, the latter court in *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 44 Ind. App. 62, held that the Supreme Court erred in ordering the transfer of this appeal to the Appellate Court, and in deciding that under the law jurisdiction thereover was not in the Supreme Court, but was lodged in the Appellate Court, and for the reasons stated in its opinion, the Appellate Court ordered that this appeal be again transferred to the Supreme Court. This latter order of transfer was made notwithstanding the fact that so far as the Appellate Court was concerned the order of the Supreme 3. Court transferring the appeal to the Appellate Court was final and conclusive upon the question of juris-

diction. Upon the latter question the order and decision of the Supreme Court in making the transfer, whether right or wrong, must be regarded as the law of this case, and in its nature is *res judicata* upon the question of jurisdiction over this appeal. But in the opinion of the Appellate Court upon the transfer it is said: "In view of the action of the Supreme Court and this Court, on the subject of jurisdiction of this appeal, the first question which naturally arises relates to the jurisdiction of this court further to consider the questions involved in this appeal. It will not be denied that the authority of the Supreme Court and the Appellate Court to consider cases on appeal is regulated and defined by statute, and, unless a case reaches either court in the manner provided by law, such court will not acquire jurisdiction of the cause. It is also true that neither the Supreme Court nor the Appellate Court has any power to confer jurisdiction upon the other for any purpose."

The writer of the opinion then proceeds to consider the provisions of the act of 1891 by which the Appellate Court was created (Acts 1891, p. 39), and quotes from section twenty-five of the original act in which it was provided that "in any case wherein an appeal has been taken from a lower court to the Appellate Court, and the same should have been taken to the Supreme Court, it shall be the duty of the Appellate Court, on its own motion, to cause such case to be transferred to the Supreme Court; and in any cause where an appeal has been taken to the Supreme Court when it should have been to the Appellate Court, it shall be the duty of the Supreme Court, of its own motion, to cause such case to be transferred to the Appellate Court; and the action of each of said courts in making such transfer shall be final."

After the enactment of said act of 1891, creating the Appellate Court, the Supreme Court, in *Benson* v. *Christian* (1891), 129 Ind. 535, had occasion to consider and pass upon the question of its jurisdiction under said act, and the right

of the Appellate Court finally to determine in an appeal therein whether a constitutional question was involved in the case. In the latter appeal this court, speaking by Elliott, J., said: "The element which carries the appeal to this court is the one introduced by the attack upon the validity of the act, for where the question of the validity of a statute is fairly debatable, and does not rest on mere assertion, jurisdiction is in this court. *Ex parte Sweeney* [1891], 126 Ind. 583. This must be true, for if the Appellate Court could determine whether there was or was not a constitutional question involved, it would, in deciding that question, necessarily decide whether an appeal lies in the Supreme Court, and this would violate the fundamental rule that the higher court must determine its own jurisdiction; and it would also defeat the manifest purpose of the statute creating the Appellate Court. It is obvious that the court of last resort must determine the right of appeal; for if it were otherwise it would be in the power of a court of intermediate jurisdiction to prevent, by its decisions, a cause from reaching the court where the authoritative ultimate judgment must be pronounced. The authorities, however, so fully settle this question that prolonged discussion is unnecessary." After this latter decision the legislature, in the light thereof, at its next session in 1893 discovered that it had violated a fundamental rule by declaring in section twenty-five of said act of 1891 that the action of the Appellate Court in transferring appeals to the Supreme Court should be final. Consequently, at said session it proceeded to amend section twenty-five of the original act. Acts 1893, p. 29, §3, §1429 Burns 1908. By this amendatory act it was provided: "In any case wherein an appeal has been taken from a lower court to the Appellate Court, and the same should have been taken to the Supreme Court, it shall be the duty of the Appellate Court on its motion to cause such case to be transferred to the Supreme Court, and in any cause where an appeal has been taken to the Supreme Court when it should

have been to the Appellate Court, it shall be the duty of the Supreme Court of its own motion, to cause such case to be transferred to the Appellate Court, *and the action of such court in making such transfer shall be final."* (Our italics.)

By comparison it will readily be seen that the provision, "and the action of each of said courts in making such transfer shall be final," as contained in the original section, was eliminated, and it was by the amendatory act declared, not that the action of each of the courts in making a transfer "shall be final," but finality was accorded only to the action of the Supreme Court in transferring an appeal to the Appellate Court. The language of the section as amended is: "In any cause where an appeal has been taken to the Supreme Court when it should have been to the Appellate Court, it shall be the duty of the Supreme Court * * * to cause such case to be transferred to the Appellate Court, and the action of such court in making such transfer shall be final."

It is evident that the words "such court," as employed in section twenty-five as amended (Acts 1893, *supra*), were intended to and did refer only to the Supreme Court, as it was the action of that court which was last mentioned. *Evans* v. *State* (1898), 150 Ind. 651; *Summerman* v. *Knowles* (1868), 33 N. J. L. 202; 27 Am. and Eng. Ency. Law (2d ed.), 361.

The Appellate Court in its opinion transferring this case to the Supreme Court affirms that section twenty-five of the original statute in 1891, as amended in 1893, (§1429, *supra*), "is still the law." If this be true, then, under the positive and express provisions of that section, the order of the Supreme Court of March 9, transferring the appeal to the Appellate Court, became final, as declared by that section, and it was the duty of the latter court to accept it as such, as has formerly been its rule.

By an act of the Legislature, approved March 12, 1901 (Acts 1901, p. 565, §1337a *et seq.* Burns 1901), entitled "An act concerning appeals, increasing the number of judges of

the Appellate Court, * * * defining their jurisdiction and the jurisdiction of the Supreme Court, repealing former laws," etc., the legislature revised and changed the law pertaining to the jurisdiction of the Supreme and Appellate Courts. Section twenty-one of this act declares that "all laws and parts of laws inconsistent with this act are hereby repealed." Section thirteen of said act (§1337m, *supra*), provides as follows: "If any case is erroneously appealed to the wrong court, that court shall make an order for its transfer to the proper court; and the appeal shall stand as if originally filed in the right court." The Appellate Court in its opinion does not refer to this section, but proceeds upon the theory that section twenty-five, *supra*, is still in force, and governs the question of transfer of appeals from the Supreme to the Appellate Court and *vice versa*. Section thirteen, *supra*, being the later expression of the legislature in regard to the transfer of cases appealed to the wrong court, must be held to have repealed section twenty-five, *supra*, as amended, upon that question so far as the latter section is inconsistent or in conflict with the provisions of said section thirteen.

We are not to be understood by anything said in this opinion as controverting the right of the Appellate Court in making the first transfer of this cause to the Supreme 6. Court under section thirteen, *supra*, on the ground that the appeal had been erroneously taken to the Appellate Court, for the reason that the latter court had no authority to decide constitutional questions. But, as provided by said section thirteen, the result of such order of transfer by the Appellate Court was to cause the appeal to stand on the docket of the Supreme Court as though it had been originally filed in the latter court. Consequently it was then in the same position as was the case of *Pittsburgh, etc., R. Co.* v. *Rogers, supra*, which was originally appealed to the Supreme Court, but subsequently, for the reasons heretofore given, transferred to the Appellate Court, and by

the latter, decided upon its merits. It may be further said, in passing, that sometimes a case is appealed to the Supreme Court in which, as disclosed by the record and the briefs of the parties therein, none of the questions enumerated in clause one of §1392 Burns 1908, Acts 1907, p. 237, §1, is presented, and, in the absence of the presentation of any such questions, the jurisdiction over the case, under the law, is shown to be in the Appellate Court, and thereupon the appeal is transferred to that court. If, after such transfer, one of the questions mentioned in said clause is raised and presented in the Appellate Court by one of the parties in the appeal, it would then be right and proper for the latter court to retransfer the appeal to the Supreme Court, and that court might then determine whether the party raising such question for the first time in the Appellate Court had waived his right to have the same considered by the Supreme Court because of his failure to present it when the cause was pending in that court. If the proposition of waiver were decided adversely to the party seeking to present the constitutional question, then the case might be either retained by the Supreme Court or transferred back to the Appellate Court for a decision on its merits.

In the opinion of the Appellate Court upon the transfer here in question it is said: "We are convinced that, when this court, by its order, transferred this cause to the Supreme Court, it lost jurisdiction of the cause, and the order of the Supreme Court transferring the cause back to this court did not revest it with jurisdiction. If this be true, any decision this court might render upon the merits of this appeal would be void. While the wording of the statute under which this cause was transferred to the Supreme Court is to us perfectly clear and certain, yet, if, by any possible construction, a meaning other than that we have attributed to it can be given whereby said order of retransfer revested the Appellate Court with jurisdiction of this cause, it ought not to be

stricken from the docket of this court, and for that reason we shall presume validity for said retransfer, and proceed under said section twenty-five, which provides 'that in any case pending in the Appellate Court, in which said Appellate Court shall conclude that any decision of the Supreme Court should be overruled or modified, it shall be their duty to transfer said cause, with their opinion of what the law should be held to be, to the Supreme Court, and the Supreme court shall thereupon have jurisdiction of and decide the entire case, the same as if it had original jurisdiction thereof, and it may either modify, overrule or affirm its former decision, on that question as it shall deem right, and such decision of the Supreme Court shall be final.' " *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 44 Ind. App. 62.

These expressions clearly reveal the misapprehension in regard to the law into which the writer of the opinion has, by his reasoning, led the Appellate Court. It will be noted that the opinion proceeds upon the theory that section twenty-five, *supra*, is still in force and must govern the transfer here involved, and that thereunder the Appellate Court is authorized to transfer this appeal to the Supreme Court, with the recommendation that the decision of the Supreme Court transferring this appeal to the Appellate Court should be overruled or modified. In considering this question, apparently the Appellate Court was unmindful of the provision of section ten of the act of 1901 (Acts 1901, p. 565, §1394 Burns 1908), and of its former decisions based thereon. The first subdivision of said section ten, in dealing with transfers by the Appellate Court, provides: "If in any case, two of the judges of either division are of the opinion that a ruling precedent of the Supreme Court is erroneous, the case, with a written statement of the reasons for such opinion, shall be transferred to the Supreme Court." The provisions of the first subdivision of section ten, *supra*, and those of section twenty-five as amended in 1893, upon which the Appellate Court

relies for its authority to transfer this appeal, are certainly inconsistent with each other, and we may again say that under the express declaration of the repealing clause of the act of 1901, section twenty-five, *supra*, to the extent of its inconsistency or conflict with the first clause of section ten of the act of 1901, must be held to be repealed. In fact, the Appellate Court, by its previous decisions, has recognized the first clause of section ten, *supra*, as controlling, and apparently has regarded section twenty-five as being repealed, for in the appeal of *City Nat. Bank* v. *Goshen Woolen Mills Co.* (1904), 35 Ind. App. 562, that court said: "As we are not able to agree with the conclusion that director creditors of an insolvent corporation may prefer themselves, and believing that the ruling in the case of *Nappanee Canning Co.* v. *Reid, Murdock & Co.* [1903], 159 Ind. 614, 59 L. R. A. 199, is erroneous, this case is transferred to the Supreme Court under the provisions of §1337j Burns 1901, Acts 1901, p. 565, §10."

In *Coulter* v. *Bradley* (1904), 37 Ind. App. 697, the Appellate Court said: "For the reasons herein expressed, and upon the grounds shown in our original opinion, we will grant a rehearing, and, under the provision of §1337j Burns 1901, Acts 1901, p. 565, §10, will transfer the cause to the Supreme Court for its further consideration of the question of practice involved." Cases of the Appellate Court other than those cited might be noted, but the ones cited will suffice.

As shown, the Appellate Court proceeds to retransfer this case to the Supreme Court upon the authority of the provisions of said section twenty-five. This section, as we have stated, so far as it provides for transfers, was repealed by the act of 1901, *supra*, and consequently it could afford the Appellate Court no warranty whatever for its action in ordering a retransfer of this appeal to the Supreme Court, with its recommendation that the order of the latter court, under which this case was transferred to the Appellate Court,

should be overruled. Neither do the provisions of the first clause of §1394 Burns 1908, Acts 1901, p. 565, §10, afford the Appellate Court any authority for the order of transfer in question, for manifestly that clause was not intended to apply to a case in the condition of the one at bar. As previously herein said, the order of the Supreme Court transferring the appeal to the Appellate Court, because the former court had no jurisdiction over the appeal, but that jurisdiction thereof was under the law lodged in the Appellate Court, became, upon the question of jurisdiction, the law of the case in this appeal, or, in other words, was *res judicata* upon that question. Elliott, App. Proc., §578.

It is evident that the order of transfer of the Supreme Court must stand as controlling upon the question of jurisdiction unless such order should, for good cause shown, be set aside by the Supreme Court upon the application of one of the parties in this appeal aggrieved thereby.

It will be noted that the Appellate Court, in its opinion, asserts that the order of the Supreme Court transferring the appeal back to the Appellate Court did not revest the latter with jurisdiction, and seemingly that court entertains fears that if it were to decide the case upon its merits its judgment would be void for want of jurisdiction. It is true, as the Appellate Court states, that it must be invested with jurisdiction over an appeal by law, and not by a mere order of transfer by the Supreme Court, but it was the force and effect of the law, as construed and interpreted by the Supreme Court, under and by its order and decision in transferring the appeal to the Appellate Court, which invested the latter with jurisdiction over the case. As the Supreme Court thereby construed and held the law to be, it had no jurisdiction over the appeal, but jurisdiction, as held, was in the Appellate Court. With this view

of the law as entertained by the highest court of the State, certainly there can be no reasonable ground for any one to assert that had the Appellate Court, under the order and decision of the Supreme Court, proceeded to determine and decide this case upon its merits its judgment would be void for want of jurisdiction. To repeat, it was the law as the Supreme Court construed and held it to be which invested the Appellate Court with jurisdiction under the transfer by the former court.

Under the Constitution of this State there is and can be but one Supreme Court. It is the highest judicial tribunal having appellate jurisdiction within the State, and is 12. fully invested under the organic law with the right and power to determine, not only its own jurisdiction, but also has the power and authority ultimately and conclusively to determine, under the law, the jurisdiction of all other judicial tribunals within the State. By its deci- 13. sions it determines what is the law of the land within its territorial jurisdiction, and all courts within the State, as well as all persons therein, are controlled by its decisions relative to what is the law, and should yield obedience thereto. Elliott, App. Proc., §25. As we previously affirmed, the constitutional validity of the statute in question, which appellant seeks to inject into the case at bar, 2. has been fully and firmly settled, and is no longer a fairly debatable question, consequently it cannot be said to be involved or duly presented in this appeal within the contemplation of the first clause of §1392 Burns 1908, Acts 1907, p. 237, §1. Elliott, App. Proc., §33.

We reaffirm and hold, for the reasons given, that jurisdiction over this appeal is not in the Supreme Court, but in the Appellate Court, and we are constrained to conclude that the order of the Appellate Court, retransferring this case to the Supreme Court, was, for the reasons herein shown, without authority of law. It is therefore ordered and ad-

judged that this appeal be retransferred to the Appellate Court, and that it be restored to the docket of that court, and given the same position thereon which it occupied on June 4, 1909, the date of the order of transfer as made by the Appellate Court.

## CONCURRING OPINION.

MONTGOMERY, C. J.—I concur in the holding that the judgment of the Supreme Court upon the subject of jurisdiction is final and binding upon the Appellate Court, but in my opinion the case of *Pittsburgh, etc., R. Co.* v. *Rogers* (1907), 168 Ind. 483, should be overruled, that the first order transferring this cause to the Appellate Court should be vacated, and that in all cases wherein a constitutional question is involved and duly presented, however devoid of merit, jurisdiction over the entire case is lodged in the Supreme Court.