## PEALE *v.* TOWN OF ARCADIA ET AL.

[No. 10,370.   Filed May 28, 1918.]

COURTS.—*Jurisdiction.*—*Transfer of Cause from Supreme to Appel- late Court.*—*Effect.*—*Validity of Ordinance.*—Where plaintiff sued a town and its board of trustees to enjoin them from enforcing an ordinance making it unlawful to maintain and operate a junkyard within limits including plaintiff's yard, on the ground that the ordinance was invalid and void, and that the board had no authority to pass it, and, on judgment being rendered for defendants, plaintiff appealed to the Supreme Court where he attempted to raise the question of the validity of the ordinance, that court's transfer of the cause to the Appellate Court for want of jurisdiction was equivalent to a finding that the power of the board to enact the ordinance must be regarded as settled, and such question could not be considered on appeal.

From Hamilton Circuit Court; *Ernest .E. Cloe,* Judge.

Action by Joseph Peale against the Town of Arcadia and others.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*

*Ralph H. Waltz, Floyd G. Christian* and *Ira W. Christian,* for appellant.

*J. F. Neal* and *N. C. Neal,* for appellees.

McMAHAN, J.—The appellant commenced this action against the town of Arcadia and the members of the board of trustees of said town to enjoin them from enforcing an ordinance making it unlawful to maintain and operate a junkyard within certain prescribed limits.

The complaint alleges that the board of trustees of said town passed an ordinance on September 28, 1916, making it unlawful to maintain or operate a junkyard within certain described limits; that appellant has

been a resident of said town for more than five years, and that during all of said time he has operated and maintained a junkyard within the corporate limits of said town and within the territory described in said ordinance; and that the appellees were threatening to prosecute appellant for violating said ordinance. It is alleged that the said ordinance is invalid and void; that the board of trustees of the said town had no legal authority to pass the same, and asking that appellees be enjoined from enforcing it.

The cause was tried by the court, and resulted in a finding and judgment for the appellees. Appellant filed a motion for a new trial, assigning as reasons that the finding of the court is (1) contrary to law, and (2) not sustained by sufficient evidence.

The only error assigned is the overruling of the motion for a new trial. This appeal was taken to the Supreme Court, where the appellant attempted to raise the question of the validity of said ordinance by claiming that the board of trustees had no power to pass the same. The Supreme Court transferred the cause to this court for want of jurisdiction, which is equivalent to saying that the power and authority of the appellees to enact the ordinance in question must be regarded as settled in this state and cannot be considered in this appeal. *Pittsburgh, etc., R. Co.* v. *Rogers* (1907), 168 Ind. 483, 81 N. E. 212.

The validity of the ordinance being established, we know of no reason why the appellees should be enjoined from enforcing it. The appellant, both in his complaint and as a witness, admitted that he was maintaining and operating a junkyard in violation of the ordinance. There was no error in overruling the motion for a new trial.

Judgment affirmed.